**Sonia OLIVAREZ, d/b/a Sonia Olivarez Bail Bonds, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 10–05–00317–CR.**

Court of Appeals of Texas, Waco.

Dec. 21, 2005.

Order Granting Rehearing Feb. 22, 2006.

---

John D. Nation, Dallas, for appellant.

Dale S. Hanna, Johnson County Crim. Dist. Atty., Cleburne, for appellee.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## OPINION

PER CURIAM.

Sonia Olivarez dba Sonia Olivarez Bail Bonds appeals from the denial of her motion for a special bill of review under article 22.17 of the Code of Criminal Procedure.[1] To date, Olivarez has failed to file a docketing statement. *See* TEX.R.APP. P. 32.

The Clerk of this Court notified Olivarez by letter dated September 26, 2005 that no docketing statement had been received and warned her that the appeal was subject to dismissal if she did not file one within twenty-one days. No response has been received to this notice.

■ Rule of Appellate Procedure 42.3(c) provides for the involuntary dismissal of a civil appeal if the appellant has failed to comply with "a notice from the clerk requiring a response or other action within a specified time." The procedural rules for civil appeals apply to bond forfeiture appeals. *See* TEX.CODE CRIM. PROC. ANN. art. 44.44 (Vernon 1979); *McCluskey v. State*, 64 S.W.3d 621, 623 (Tex.App.-Houston [1st Dist.] 2001, no pet.); *see also Dees v. State*, 865 S.W.2d 461, 462 (Tex.Crim.App.1993) (procedural rules for civil trials apply to bond forfeiture proceedings in trial court).

There are filing fees and other court costs normally associated with civil appeals which are not ordinarily imposed in an appeal from a criminal conviction.[2] *See* TEX. GOV' T CODE ANN. §§ 51.005, 51.207 (Vernon 2005); TEX.R.APP. P. 5; Order Regarding Fees Charged in Civil Cases in the Supreme Court and the Courts of Appeals, Misc. Docket No. 98–9120 (Tex. Jul. 21, 1998). In the past, this Court has not traditionally required the payment of filing fees or other court costs in a bond forfeiture appeal. However, it appears that this practice is contrary to the law.

In *Dees*, the Court of Criminal Appeals cited article 22.10 of the Code of Criminal Procedure in support of the proposition that "civil court costs may be assessed in a bail bond forfeiture proceeding." 865 S.W.2d at 462 (citing TEX.CODE CRIM. PROC. ANN. art. 22.10 (Vernon Supp.2005)).

■ Following the holding of *Dees*, it appears that all costs traditionally associated with a civil appeal should be imposed in an appeal from a bond forfeiture proceeding. Thus, we conclude that the $125 filing fee and the filing fees for pleadings should be assessed in such an appeal. *See* TEX. GOV' T CODE ANN. § 51.207; TEX.R.APP. P. 5; Order Regarding Fees Charged in Civil Cases in the Supreme Court and the Courts of Appeals, Misc. Docket No. 98–9120.

To date however, this Court has not required the payment of such fees. Because we have not previously required the payment of such fees in bond forfeiture appeals, we will not do so in this appeal or

---

1. Article 22.17 provides that the surety on an appearance bond may file a special bill of review within 2 years after that bond was forfeited. TEX.CODE CRIM. PROC. ANN. art. 22.17 (Vernon 1989). Presumably, a surety will do so only when the principal has been re-arrested. *See e.g. Gramercy Ins. Co. v. State*, 834 S.W.2d 379, 380–81 (Tex.App.-San Antonio 1992, no pet.).

2. A non-indigent criminal appellant must pay costs for preparation of the appellate record. *See* TEX.R.APP. P. 20.2.

in any bond forfeiture appeal currently pending in this Court.

Absent a specific exemption, the Clerk of the Court must collect filing fees at the time a document is presented for filing. TEX.R.APP. P. 12.1(b); Order Regarding Fees Charged in Civil Cases in the Supreme Court and the Courts of Appeals, Misc. Docket No. 98–9120; *see also* TEX. R.APP. P. 5; 10TH TEX.APP. (WACO) LOC. R. 6. Under these circumstances, we suspend the rule and order the Clerk to write off all unpaid filing fees in this case. TEX. R.APP. P. 2.

Olivarez has failed to comply with a notice from the Clerk of this Court requiring Olivarez to file a docketing statement within twenty-one days. Accordingly, this appeal is dismissed. *See* TEX.R.APP. P. 42.3(c).

(Justice Vance concurs with a note: A docketing statement is for administrative purposes only and does not affect our jurisdiction. TEX.R.APP. P. 32.4. Dismissal as a sanction is, in effect, a "death penalty," which precludes consideration of the merits of the appellant's claim. Under the law developed to evaluate trial-court dismissals of civil proceedings as sanctions, such a sanction must be "just." *Trans-American Natural Gas v. Powell*, 811 S.W.2d 913, 917 (Tex.1991) (orig.proceeding). That means a direct relationship must exist between the offensive conduct and the sanction imposed. *Id.* Furthermore, a permissible sanction should be no more severe than required to satisfy legitimate purposes. *Chrysler Corp. v. Blackmon*, 841 S.W.2d 844, 849 (Tex.1992) (orig.proceeding). This means that a court must consider relatively less stringent sanctions first to determine whether lesser sanctions will fully promote compliance, deterrence, and discourage further abuse.

*Id.* Our own precedent holds that "the Rules of Civil Procedure apply to forfeiture proceedings under article 18.18(b) of the Code of Criminal Procedure." *F & H Investments Inc. v. State*, 55 S.W.3d 663, 668, (Tex.App.-Waco 2001, no pet.). The majority says we "notified Olivarez"; our letter shows we notified Olivarez's attorney. We have not tried to determine where the fault lies as between Olivarez or her lawyer, nor have we imposed a lesser sanction such as a fine. While we may conclude that the failure of the lawyer to file a docketing statement reflects adversely on the merits of the client's appeal, we should be cautious in doing so.)

TOM GRAY, Chief Justice, dissenting.

Waiving all the filing fees in all pending bond forfeiture appeals is not necessary "to expedite a decision or for other good cause." TEX.R.APP. P. 2. And I do not believe it is necessary in this appeal. Thus, I cannot authorize this Court to violate the law by failing to collect or attempt to collect the filing fee. I must therefore dissent to the majority doing so.

The majority has determined that it is a violation of the rules and statutes to not charge a filing fee in a bond forfeiture case. They have also determined that a filing fee has not been paid in this case. But the majority contends "this Court has not traditionally required the payment of the filing fees," so they will not collect the fee in this case or in any pending bond forfeiture case. The reason for the decision not to collect the fee is misleading. Although I am unclear about what they mean by the term "required" in connection with the payment of filing fees, we have, but not consistently, collected filing fees in bond forfeiture cases. *See e.g. Gonzales Bail Bonds v. State*, 147 S.W.3d 557 (Tex. App.-Waco 2004, no pet.) (filing fees collected); *Hill v. State*, 920 S.W.2d 468 (Tex.

App.-Waco 1996), *rev'd,* 955 S.W.2d 96 (Tex.Crim.App.1997) (filing fees collected); *Lyles v. Texas,* 814 S.W.2d 411 (Tex.App.-Waco 1991), *rev'd,* 850 S.W.2d 497 (Tex. Crim.App.1993) (filing fees collected); *Hubbard v. State,* 814 S.W.2d 402 (Tex. App.-Waco 1991, no pet.) (filing fees collected). *Cf. Young v. State,* No. 10–02–00343–CR, 2004 WL 1007827, 2004 Tex. App. LEXIS 4201 (Tex.App.-Waco, May 5, 2004, pet.ref'd) (not designated for publication) (no filing fees collected); *Int'l Fid. Ins. Co. v. State,* No. 10–03–00178–CR, 2003 WL 22976423, 2003 Tex.App. LEXIS 10658 (Tex.App.-Waco, Dec. 17, 2003, no pet.) (not designated for publication) (no filing fees collected); *Gjetley v. State,* No. 10–99–00235–CR (Tex.App.-Waco May 24, 2000, no pet.) (not designated for publication) (no filing fees collected).

And in this case, notice was sent that the filing fee was due; but the Court has simply failed to pursue collecting it.

Even if we use Rule 2 to suspend the collection of a filing fee in this case, we certainly should not suspend it in all pending cases. After all, the Court of Criminal Appeals authorized the assessment of civil court costs in bond forfeiture proceedings after the entry of a judgment nisi. *Dees v. State,* 865 S.W.2d 461, 462 (Tex.Crim.App. 1993). What makes the collection of filing fees on appeal any different?

It is the clerk's duty to collect the fees. Tex.R.App. P. 12.1(b). If the clerk tells me the cost of pursuing the unpaid fees in a particular case will exceed the fees collected, then I may consider the use of Rule 2. Otherwise, I cannot condone the use of it for this case or other pending bond forfeiture cases.

**MERITS OF THE ISSUE**

The opinion is not clear if we are dismissing for the failure to file a docketing statement or for the failure to comply with a notice from the clerk. The opinion starts by addressing the failure to file a docketing statement. But the opinion concludes with what reads as a dismissal for failure to comply with a notice from the clerk, including a citation to Texas Rule of Appellate Procedure 42.3(c). We have not notified the appellant that failure to respond to the notice from the clerk is an independent ground for dismissal. It is improper for us to dismiss for a violation of the notice from the clerk. *cf. Villarreal v. San Antonio Truck & Equip.,* 994 S.W.2d 628, 632 (Tex.1999) (notice that case would be dismissed for want of prosecution if plaintiff did not announce he was ready to proceed did not adequately apprise plaintiff that the court would exercise inherent power to dismiss if he did not also show cause for not dismissing.). This is a different failure than the failure to file the docketing statement.

**CONCLUSION**[1]

I would notify Olivarez:

1.  The filing fee is past due and must be paid within 21 days or the case will be dismissed without further notice;

2.  The docketing statement is past due and must be filed within 21 days or the case will be dismissed without further notice; and

3.  The failure to respond to this notice from the clerk is an independent basis upon which the appeal can be dismissed. If a response addressing

---

**1.** I have many of the same observations about Justice Vance's concurring note in this appeal that I made about a similar note in *Hensley v. W.M. Specialty Mortg. LLC,* No. 10–05–00322– CV, 2005 WL 3073000, **1–3, 2005 Tex.App. LEXIS 9614, *3–8 (Tex.App.-Waco Nov. 16, 2005, no pet. h.) (Gray, C.J., concurring).

these issues is not received within 21 days, this case will be dismissed without further notice.

Only after the failure to pay the filing fee, or failure to file a docketing statement, or failure to respond to the notice, would I dismiss the appeal. Because I believe dismissal on the vague grounds as expressed in the opinion is premature, I dissent.

## ORDER

PER CURIAM.

By opinion and judgment dated December 21, 2005, the Court dismissed this appeal because Appellant Sonia Olivarez "failed to comply with a notice from the Clerk of this Court requiring Olivarez to file a docketing statement within twenty-one days." *Olivarez v. State,* No. 10–05–00317–CR, 183 S.W.3d 59, 2005 WL 3501714, 2005 Tex.App. LEXIS 10642, at **4–5 (Tex.App.-Waco Dec. 21, 2005, no pet. h.) (per curiam).

Olivarez filed a *pro se* motion for rehearing on January 3, 2006, including therewith a completed docketing statement. Olivarez's counsel filed a motion for rehearing on January 9. The State has filed a response to the motions for rehearing.

 To date, no motion to withdraw has been filed by Olivarez's counsel. Thus, we presume that counsel continues to represent Olivarez. Because Olivarez continues to be represented by counsel, we dismiss her *pro se* motion for rehearing as moot. The motion for rehearing filed in Olivarez's behalf by counsel is granted.

 The judgment of dismissal dated December 21, 2005 is withdrawn. However-

er, because the opinion dated December 21, 2005 addresses matters of public importance, it will not be withdrawn. *See Polley v. Odom,* 963 S.W.2d 917, 917–18 (Tex.App.-Waco 1998, order) (per curiam).

The clerk's and reporter's records have been filed. Accordingly, the appellant's brief is due thirty days after the date of this Order.

Chief Justice GRAY concurs with a note.*

---

* ("Chief Justice Gray's Concurring note: I concur in the result as to this litigant, noting that the filing fees have been paid, including the fees for filing the motion for rehearing. I question, however, the advisability or desirability of leaving in the public domain for use as precedent a per curiam opinion, with a concurring note and a dissenting opinion. The precedential value was not important originally, or it should not have been a per curiam opinion. I fail to see how its stature is increased by no longer resolving a case.")