**The STATE of Texas, Appellant,**

**v.**

**Kevin BROWN, Jr., Appellee.**

**No. 10–05–00343–CR.**

Court of Appeals of Texas, Waco.

April 19, 2006.

James M. Kuboviak, County Atty. for Brazos County, Bryan, for Appellant.

Bruce L. Erratt, Attorney At Law, Bryan, for Appellee.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

---

## ABATEMENT ORDER

PER CURIAM.

At the conclusion of a hearing, the trial court orally granted Kevin Brown, Jr.'s motion to dismiss premised on speedy trial grounds. However, the court apparently never memorialized that ruling in a written order.[1] Nevertheless, the State promptly filed a notice of appeal.

The Clerk of this Court notified the parties by letter dated March 17, 2006 that this appeal is subject to dismissal because: (1) no signed dismissal order is currently in the clerk's record; and (2) a $125 filing fee has not been paid. However, it appears that this letter is not entirely accurate with regard to the costs which are to be paid in a State's appeal or with regard to the proper procedure to be followed when the record does not contain an appealable order which the trial court apparently intended to sign but did not.

### Costs of Appeal

■ Article 44.01(f) of the Code of Criminal Procedure provides in pertinent part that "[t]he state shall pay all costs of appeal" when the State is appealing an order of dismissal. Tex.Code Crim. Proc. Ann. art. 44.01(f) (Vernon Supp.2005). However, the $125 filing fee referenced in the Clerk's letter is required only in civil appeals. See Tex. Gov' t Code Ann. §§ 51.005, 51.207 (Vernon 2005); Tex. R.App. P. 5; Order Regarding Fees Charged in Civil Cases in the Supreme Court and the Courts of Appeals, Misc. Docket No. 98–9120, 971–972 S.W.2d (Tex. Cases) xxxviii-xl (Tex. Jul. 21, 1998). The only costs of appeal generally required in a criminal appeal are the costs for preparation of the appellate record. See Olivarez v. State, 183 S.W.3d 59, 60 & n. 2 (Tex.

App.-Waco 2005) (per curiam), reh'g granted, judgment withdrawn, 183 S.W.3d 59, 63 (Tex.App.-Waco 2006, order) (per curiam). We presume the State has made the necessary arrangements for the clerk's and reporter's fees for preparation of the record because the clerk's and reporter's records have been filed with the Clerk of this Court.

### Premature Notice of Appeal

■ Because there is no signed dismissal order, the State's notice of appeal is premature. See Tex.R.App. P. 27.1(b); Ex parte Crenshaw, 25 S.W.3d 761, 764–65 (Tex.App.-Houston [1st Dist.] 2000, pet. ref'd); State v. Rollins, 4 S.W.3d 453, 454 n. 1 (Tex.App.-Austin 1999, no pet.); see also Harrison v. Tex. Dep't of Crim. Justice-ID, 134 S.W.3d 490, 491 (Tex.App.-Waco 2004, order) (per curiam). The First Court of Appeals abated the appeal in Crenshaw "to allow the trial court to sign a written order reflecting its oral decision." 25 S.W.3d at 764; see also Rollins, 4 S.W.3d at 454–55 (abating appeal for trial court to determine date dismissal orders were signed because that date was in dispute). This Court has followed the same procedure in civil appeals. See, e.g., Harrison, 134 S.W.3d at 491–92.

■ It appears that the trial court intended to sign a dismissal order in Brown's case. However, the record does not contain such an order. Accordingly, we abate this cause to the trial court for further consideration of this matter. If the court intended to sign a dismissal order, then it should sign an appropriate order to effectuate its intent.

The trial court shall, within thirty days after the date of this Order: (1) conduct a hearing if necessary; (2) make appropriate

---

1. The court did, however, sign written dismissal orders in the cases of Brown's three co-defendants. The court heard all 4 dismissal motions in the same hearing.

orders and findings of fact and conclusions of law; and (3) deliver any orders and findings of fact and conclusions of law to the trial court clerk.

The trial court clerk shall: (1) prepare a supplemental clerk's record containing all orders and findings of fact and conclusions of law which the trial court renders or makes; and (2) file the supplemental clerk's record with the Clerk of this Court within forty-five days after the date of this Order.

Chief Justice GRAY dissenting.

TOM GRAY, Chief Justice, dissenting opinion to abatement order.

The State filed a notice of appeal in this criminal case. However, no appealable order or judgment was included in the record in this case. On January 17, 2006, the Clerk notified the State by letter that this case was subject to dismissal for want of jurisdiction because of this defect. The State responded with a request to delay the dismissal until the signed order was located. On March 17, 2006, the Clerk again warned the State that the case was subject to dismissal because no appealable order had been made a part of the record. The State has chosen to ignore the Clerk's warning and filed a brief instead. No appealable order or judgment has been made a part of the record.

Additionally, the State was informed by letter that no filing fee had been paid, and the letter demanded payment of the filing fee. TEX.CODE CRIM. PROC. ANN. art. 44.01(f) (Vernon Pamp.2005) (the State shall pay all costs of an appeal of an order that dismisses an indictment, information or complaint). The State was also warned that if the filing fee was not paid, the case would be presented to the Court for dismissal. While the majority may be correct in flip-flopping on their prior express authorization for the Clerk to demand the payment, the State completely failed to respond to the demand for payment of the fee.

Further, the State filed a motion for extension of time to file its brief. This motion was not served on the opposing party as required by Rule 9.5. TEX.R.APP. P. 9.5

Given the State's disregard of the rules noted herein, but primarily because there is no final appealable order, I would dismiss this appeal. I would then dismiss the motion for extension of time to file the State's brief as moot.