IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-07-00365-CR

 

Tommie Leon Jones,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 



From the County Court

Robertson County, Texas

Trial Court No. 07-382-CR

 



ORDER










 

            The clerk’s record in this appeal has
been filed. A certification of defendant’s right of appeal regarding the trial
court’s judgment has not been provided to this Court.  The trial court is
required to enter a certification of defendant’s right to appeal in every case
in which it enters a judgment of guilt or other appealable order.  Tex. R. App. P. 25.2(a)(2).  

            The trial court is ordered to provide
the trial court clerk with the trial court’s certification of defendant’s right
of appeal of the trial court’s judgment within 14 days from the date of this Order. 
See Tex. R. App. P.
25.2(d) (new form requirement; amended August 20, 2007; effective September 1,
2007).

            The trial court clerk is ordered to
file a supplemental clerk’s record containing the trial court’s certification
with this Court within 28 days from the date of this Order.

 

                                                                        PER
CURIAM

 

 

Before
Chief Justice Gray,

            Justice
Vance, and

            Justice
Reyna

Certification
ordered

Order
issued and filed December 12, 2007

Do
not publish






osts of
appeal generally required in a criminal appeal are the costs for preparation of
the appellate record.  See Olivarez v. State, 183 S.W.3d 59, 60 &
n.2 (Tex. App.—Waco 2005) (per curiam), reh’g granted, judgment
withdrawn, 183 S.W.3d 59, 63 (Tex. App.—Waco 2006, order) (per curiam).  We
presume the State has made the necessary arrangements for the clerk’s and
reporter’s fees for preparation of the record because the clerk’s and
reporter’s records have been filed with the Clerk of this Court.

Premature Notice of Appeal

          Because there is no signed dismissal
order, the State’s notice of appeal is premature.  See Tex. R. App. P. 27.1(b); Ex parte
Crenshaw, 25 S.W.3d 761, 764-65 (Tex. App.—Houston [1st Dist.] 2000, pet.
ref’d); State v. Rollins, 4 S.W.3d 453, 454 n.1 (Tex. App.—Austin 1999,
no pet.); see also Harrison v. Tex. Dep’t of Crim. Justice, 134 S.W.3d 490,
491 (Tex. App.—Waco 2004, order) (per curiam).  The First Court of Appeals
abated the appeal in Crenshaw “to allow the trial court to sign a
written order reflecting its oral decision.”  25 S.W.3d at 764; see also
Rollins, 4 S.W.3d at 454-55 (abating appeal for trial court to determine
date dismissal orders were signed because that date was in dispute).  This
Court has followed the same procedure in civil appeals.  See, e.g.,
 Harrison, 134 S.W.3d at 491-92.

          It appears that the trial court
intended to sign a dismissal order in Brown’s case.  However, the record does
not contain such an order.  Accordingly, we abate this cause to the trial court
for further consideration of this matter.  If the court intended to sign a
dismissal order, then it should sign an appropriate order to effectuate its
intent.

          The trial court shall, within thirty
days after the date of this Order: (1) conduct a hearing if necessary; (2) make
appropriate orders and findings of fact and conclusions of law; and (3) deliver
any orders and findings of fact and conclusions of law to the trial court
clerk.

          The trial court clerk shall: (1)
prepare a supplemental clerk’s record containing all orders and findings of
fact and conclusions of law which the trial court renders or makes; and (2)
file the supplemental clerk’s record with the Clerk of this Court within
forty-five days after the date of this Order.

PER CURIAM

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

(Chief
Justice Gray dissenting)

Appeal abated

Order issued and filed
April 19, 2006

Publish









[1]
          The court did, however, sign
written dismissal orders in the cases of Brown’s three co-defendants.  The
court heard all 4 dismissal motions in the same hearing.