In the Matter of the MARRIAGE OF Jackie HOLIK and Melissa Holik and in the Interest of A.F.H., a Child.

No. 10–07–00239–CV.

Court of Appeals of Texas, Waco.

Feb. 6, 2008.

David W. Person, Attorney At Law, Houston, Sloane J. Underwood, Underwood & Associates, Bellaire, TX, for Appellant/Relator.

Joe B. Henderson, Smither Martin Henderson & Blazek, Huntsville, TX, for Appellee/Respondent.

**CONCUR WITH ORDER**

BILL VANCE, Justice.

On November 14, 2007, the majority, citing Rules of Appellate Procedure 42.3(b), (c) and 44.3, dismissed this appeal because no docketing statement had been filed for the Appellant. TEX.R.APP. P. 32.1. I dissented with a note, saying:

The clerk's record contains a motion for new trial supported by Appellant's affidavit, which shows that this appeal has arguable merit. Our records affirmatively show that the Appellant has no knowledge of any action we have taken since the filing of this appeal; all corre-

spondence has been to her attorney. Yet, we have made no effort to determine whether the failure to file a docketing statement is due to the attorney or the Appellant. Because dismissal as a sanction is, in effect, a "death penalty," which precludes consideration of the merits of the Appellant's claim, a direct relationship must exist between the offensive conduct and the sanction imposed. *See Olivarez v. State*, 183 S.W.3d 59, 61 (Tex.App.-Waco 2005, no pet.) (Vance, J. concurring). Furthermore, we should consider relatively less stringent sanctions first to determine whether lesser sanctions will fully promote compliance, deterrence, and discourage further abuse. *Id.*

On December 3, 2007, Appellant's counsel filed a motion, supported by his affidavit, to reconsider the dismissal order. He states that the fault was his—health considerations prevented him from acting—and not the Appellant's. He further stated that another attorney would undertake the appeal, if reinstated. We requested a response and now reinstate the appeal.

This case is symbolic of what we have done too many times: dismiss an appeal as a sanction for a procedural defect without ascertaining whether the offensive conduct was attributable to the party or the party's attorney. *See, e.g., Olivarez v. State*, 183 S.W.3d 59, 61 (Tex.App.-Waco 2005, no pet.) (Vance, J. concurring). Dismissal as a sanction is, in effect, a "death penalty," which precludes consideration of the merits of the appellant's claim. Under the law developed to evaluate trial-court dismissals

as sanctions, such a sanction must be "just." *TransAmerican Natural Gas Corp. v. Powell*, 811 S.W.2d 913, 917 (Tex. 1991) (orig.proceeding). That means a direct relationship must exist between the offensive conduct and the sanction imposed. *Id.* Furthermore, a permissible sanction should be no more severe than required to satisfy legitimate purposes. *Chrysler Corp. v. Blackmon*, 841 S.W.2d 844, 849 (Tex.1992). A court must consider relatively less stringent sanctions first to determine whether lesser sanctions will fully promote compliance, deterrence, and discourage further abuse. *Id.* We did not try a lesser sanction in this case, and as the reinstatement order shows, we were wrong. That is where we have often failed.

Furthermore, the Texas Supreme Court has said that an appeal should not be dismissed for a procedural defect that can be corrected. *Verburgt v. Dorner*, 959 S.W.2d 615, 616–17 (Tex.1997) ("Thus, we have instructed the courts of appeals to construe the Rules of Appellate Procedure reasonably, yet liberally, so that the right to appeal is not lost by imposing requirements not absolutely necessary to effect the purpose of a rule.").

With these comments, I join the order reinstating this appeal.