IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-07-00239-CV

 

In the
Matter of the Marriage of

Jackie
Holik and Melissa Holik

and in
the Interest of A.F.H., a Child,

 

 

 



From the County Court at Law

Walker County, Texas

Trial Court No. 11297

 



CONCUR with ORDER



 

            On November 14, 2007, the majority,
citing Rules of Appellate Procedure 42.3(b), (c) and 44.3, dismissed this
appeal because no docketing statement had been filed for the Appellant.  Tex. R. App. P. 32.1.  I dissented with
a note, saying:

 

The clerk’s record contains a motion for new trial
supported by Appellant’s affidavit, which shows that this appeal has arguable
merit.  Our records affirmatively show that the Appellant has no knowledge of
any action we have taken since the filing of this appeal; all correspondence
has been to her attorney.  Yet, we have made no effort to determine whether the
failure to file a docketing statement is due to the attorney or the Appellant. 
Because dismissal as a sanction is, in effect, a “death penalty,” which
precludes consideration of the merits of the Appellant’s claim, a direct
relationship must exist between the offensive conduct and the sanction
imposed.  See Olivarez v. State, 183 S.W.3d 59, 61 (Tex. App.—Waco 2005,
no pet.) (Vance, J. concurring).  Furthermore, we should consider relatively
less stringent sanctions first to determine whether lesser sanctions will fully
promote compliance, deterrence, and discourage further abuse.  Id.

 

            On December 3, 2007, Appellant’s
counsel filed a motion, supported by his affidavit, to reconsider the dismissal
order.  He states that the fault was his—health considerations prevented him
from acting—and not the Appellant’s.  He further stated that another attorney
would undertake the appeal, if reinstated.  We requested a response and now
reinstate the appeal.

This case is symbolic
of what we have done too many times: dismiss an appeal as a sanction for a
procedural defect without ascertaining whether the offensive conduct was
attributable to the party or the party’s attorney.  See, e.g., Olivarez v. State,
183 S.W.3d 59, 61 (Tex. App.—Waco 2005, no pet.) (Vance, J. concurring). 
Dismissal as a sanction is, in effect, a “death penalty,” which precludes
consideration of the merits of the appellant’s claim.  Under the law developed
to evaluate trial-court dismissals as sanctions, such a sanction must be
“just.”  Transamerican Natural Gas v. Powell, 811 S.W.2d 913, 917 (Tex. 1991) (orig. proceeding).  That means a direct relationship must exist between the
offensive conduct and the sanction imposed.  Id.  Furthermore, a
permissible sanction should be no more severe than required to satisfy
legitimate purposes.  Chrysler Corp. v. Blackmon, 841 S.W.2d 844, 849 (Tex. 1992).  A court must consider relatively less stringent sanctions first to determine
whether lesser sanctions will fully promote compliance, deterrence, and
discourage further abuse.  Id.  We did not try a lesser sanction in this
case, and as the reinstatement order shows, we were wrong.  That is where we
have often failed.

Furthermore, the Texas
Supreme Court has said that an appeal should not be dismissed for a procedural
defect that can be corrected.  Verburgt v. Dorner, 959 SW2d 615, 616-17 (Tex.
1997) (“Thus, we have instructed the courts of appeals to construe the Rules of
Appellate Procedure reasonably, yet liberally, so that the right to appeal is
not lost by imposing requirements not absolutely necessary to effect the
purpose of a rule.”).

            With these comments, I
join the order reinstating this appeal.

 

 

BILL VANCE

Justice

 

Opinion
delivered and filed February 6, 2008

Publish