IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-09-00360-CR

 

Cheyenne Pate,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 

 



From the 77th District
Court

Limestone County, Texas

Trial Court No. 8660-A-1

 



ABATEMENT ORDER



 








            The trial court memorialized
its denial of Cheyenne Pate’s motion for postconviction DNA testing by a docket
entry.  Because this docket entry does not constitute an appealable order,
Pate’s notice of appeal is premature, and we will abate this appeal for entry
of a written order and a certification of the defendant’s right of appeal.

            The time to perfect an
appeal in such a case runs from the date “the trial court enters an appealable
order.”  Tex. R. App. P. 26.2(a)(1). 
A court “enters an appealable order” in this context by signing a written order
memorializing its ruling.  See State v. Shaw, 4 S.W.3d 875, 877-78 (Tex.
App.—Dallas 1999, no pet.); State v. Acosta, 948 S.W.2d 555, 556 (Tex.
App.—Waco, order) (per curiam).  A docket sheet entry does not constitute an
appealable order.  State v. Garza, 931 S.W.2d 560, 562 (Tex. Crim. App.
1996); State v. Cox, 235 S.W.3d 283, 285 (Tex. App.—Fort Worth 2007, no
pet.); Shaw, 4 S.W.3d at 878.

            Because there is no written
order, Pate’s notice of appeal is premature.  See Tex. R. App. P. 27.1(b); State v.
Brown, 187 S.W.3d 839, 840 (Tex. App.—Waco 2006, order) (per curiam). 
Nevertheless, it appears that the trial court intended to render an appealable
order.  Therefore, we abate this cause to the trial court for further
consideration.  See Brown, 187 S.W.3d at 840.  If the court intended to
render an appealable order, then it should sign and enter an appropriate
written order to effectuate its intent.  Id.

            In addition, we note that no
certification of the defendant’s right of appeal is included in the clerk’s
record.  Rule of Appellate Procedure 25.2(a)(2) provides in pertinent part, “The
trial court shall enter a certification of the defendant’s right of appeal each
time it enters a judgment of guilt or other appealable order.”  Tex. R. App. P. 25.2(a)(2) (emphasis
added).  Subsection (d) of the same rule then provides in pertinent part:

The certification should be part of the
record when notice is filed, but may be added by timely amendment or
supplementation under this rule or Rule 34.5(c)(1) or Rule 37.1 or by order of
the appellate court under Rule 34.5(c)(2).  The appeal must be dismissed if a
certification that shows the defendant has the right of appeal has not been
made part of the record under these rules.

 

Id. 25.2(d).

            Therefore, if the trial
court intended to render an appealable order, then it must also sign and enter
a certification of the defendant’s right of appeal.  See 25.2(a)(2),
(d), 34.5(c)(2).

            The trial court shall,
within twenty-one days after the date of this Order: (1) conduct a hearing if
necessary; (2) make and sign appropriate orders and a certification of the
defendant’s right of appeal, if applicable; and (3) deliver any such signed
documents to the trial court clerk.  See Brown, 187 S.W.3d at 840-41.

            The trial court clerk shall:
(1) prepare a supplemental clerk’s record containing all orders and any
certification of the defendant’s right of appeal which the trial court renders
or makes; and (2) file the supplemental clerk’s record with the Clerk of this
Court within thirty days after the date of this Order.  Id.

PER CURIAM

Before Chief
Justice Gray,

Justice
Reyna, and

Justice
Davis

(Chief
Justice Gray dissenting)

Appeal abated

Order issued
and filed March 10, 2010

Do not publish

[CRPM]






pan style="font-size: 12pt">      Appellant was formally charged with three counts of aggravated sexual assault. Due to an
inability of the parties to reach a plea agreement, the case was set on the court’s contested
docket. Thereafter, the defense filed several pre-trial motions, including a motion requesting
notice of the State’s intent to offer evidence of extraneous offenses and a request that
punishment be assessed by a jury. 
      The court called Appellant’s case for trial on October 24, 1997 and assembled a venire
panel. Appellant’s counsel requested a recess, after which he indicated to the court that
Appellant wished to change his plea and withdraw his prior election for a jury assessment of
punishment in favor of assessment by the court. The State then apprized the court of its
agreement to waive counts two and three of the indictment in exchange for Appellant’s plea of
guilty. The court admonished Appellant in accordance with Article 26.13(b) of the Texas
Code of Criminal Procedure and accepted Appellant’s guilty plea. The sentencing hearing was
set for the following week.
      At the sentencing hearing, the State’s primary witness was the complainant. She testified
that Appellant began abusing her when she was eight years old, soon after Appellant moved in
with her mother. She indicated that the abuse began with inappropriate touching of her
genitalia. According to her testimony, the complainant was too frightened to report the
incidents due to threats made by the Appellant. When the complainant was approximately
twelve years old, the abuse escalated to forced sexual intercourse. She reiterated that her
failure to report the abuse was caused by her continual fear of the Appellant, who threatened to
“kill [her]” and “burn down [her] house” if she ever revealed his conduct to anyone. The
complainant’s family became aware of the abuse only after the complainant became pregnant at
age 14.
      The State’s other witness at the sentencing hearing was Detective D.Y. Dillard, the
arresting officer. Dillard testified that he advised Appellant of his rights and took a statement
from him soon after his arrest. The State introduced Appellant’s statement, which was
admitted into evidence without objection. The statement reflects Appellant’s position that the
complainant initiated sexual relations with him. The State called no further witnesses and the
defense rested without having called any. The court sentenced Appellant to 75 years
incarceration.
      Appellant filed a motion for new trial in which he challenged, among other things, the
voluntariness of his guilty plea. Appellant requested a hearing, but the motion was overruled
by operation of law and Appellant appealed. We ordered the appeal abated for a hearing on
Appellant’s motion for new trial, so that a record could be developed regarding Appellant’s
claim that his guilty plea was involuntary. Ainsworth v. State, 10-97-397-CR (Tex.
App.—Waco May 12, 1999, order)(not designated for publication). After a hearing, the trial
court denied the motion and forwarded the record. We now consider Appellant’s remaining
issues presented for review.
 

ISSUES PRESENTED
      In his first issue, Appellant complains that the trial court erroneously admitted evidence of
the complainant’s pregnancy in violation of Article 37.07(3)(g) of the Texas Code of Criminal
Procedure. In his remaining issues, Appellant contends that his ingestion of prescription
medication on the day of his guilty plea rendered his plea involuntary and therefore the trial
court abused its discretion in failing to order a new trial.
EXTRANEOUS CONDUCT EVIDENCE UNDER ARTICLE 37.07(3)(g)
      Before trial, Appellant filed a motion under Article 37.07(3)(g) of the Texas Code of
Criminal Procedure requesting that the State provide notice of its intent to introduce evidence
of extraneous offenses during the punishment phase.
      In response, the State filed a “Notice of Intent to Introduce Extraneous Conduct.” Among
the various allegations contained therein, the State included an allegation that “[i]n 1991, in
Tarrant County, Texas, Defendant penetrated the female sexual organ of [complainant], a child
under 14 years of age, with his penis on more than one occasion.” The notice further revealed
the State’s intent to introduce evidence that “[e]ach of the above acts occurred also in 1992,
1993, 1994, and 1995 on many occasions, all in Tarrant County, Texas.”
      During the punishment phase, the prosecutor questioned the complainant regarding events
transpiring after Appellant moved out of her residence, and the complainant responded that she
became pregnant. Defense counsel objected on grounds that the State failed to provide notice
under Article 37.07 of its intent to introduce evidence of the complainant’s pregnancy. 
Although the objection was sustained, the prosecutor was allowed to question the complainant
regarding the circumstances surrounding her pregnancy, at which time she indicated that it was
the result of non-consensual sexual intercourse with the Appellant. The trial court then
changed its ruling and overruled Appellant’s Article 37.07 objection. Appellant asserts that
the trial court’s allowance of this line of questioning violated Article 37.07 of the Code of
Criminal Procedure.



      Article 37.07(3)(a) permits the State to introduce evidence “as to any matter the court
deems relevant to sentencing,” including evidence of extraneous crimes or bad acts shown
beyond a reasonable doubt to have been committed by the defendant. Tex. Crim. Proc. Code
Ann. art. 37.07 § 3(a) (Vernon Supp. 2000).
      Article 37.07(3)(g) states:
On timely request of the defendant, notice of intent to introduce evidence
under this article shall be given in the same manner required by Rule 404(b),
Texas Rules of Criminal Evidence. If the attorney representing the state
intends to introduce an extraneous crime or bad act that has not resulted in a
final conviction in a court of record or a probated or suspended sentence,
notice of that intent is reasonable only if the notice includes the date on which
and the county in which the crime or bad act occurred and the name of the
alleged victim of the crime or bad act. The requirement under this subsection
that the attorney representing the state give notice applies only if the
defendant makes a timely request to the attorney representing the state for the
notice.

Id. § 3(g)(Vernon Supp. 2000). The purpose of section 3(g) is to avert unfair surprise by
allowing the defendant sufficient time to prepare in advance for the introduction of the
extraneous conduct evidence at trial. Nance v. State, 946 S.W.2d 490, 493 (Tex. App.—Fort
Worth 1997, pet. ref’d). 
      The document filed by the defendant in this case was styled a “Motion for Notice of Rule
404(b) T.R.C.E. (Other Crimes) and Article 37.07, T.C.C.P. Punishment Evidence
(Extraneous Offenses).” It was addressed “To The Honorable Judge of Said Court,” and
included a form order with a space to indicate whether the motion was granted or denied as
well as a space for the signature of the “presiding judge.” Although the State timely provided
notice of its intent to introduce Article 37.07 evidence, the defendant failed to obtain a ruling
on its motion. The Court of Criminal Appeals has recently reaffirmed its position that a
motion requesting court action is insufficient to give rise to a corresponding duty on the part of
the State to provide notice under Article 37.07. See Mitchell v. State, 982 S.W.2d 425, 427
(Tex. Crim. App. 1998); Simpson v. State, 991 S.W.2d 798 (Tex. Crim. App. 1998). The
Mitchell court noted that “the opposite rule could encourage defendants to bury requests in
voluminous motions, hoping the State would either overlook it or believe it [sic] the request to
be contingent on a court order.” See Mitchell, 982 S.W.2d at 427. Because it was presented
as a motion requesting action on the part of the trial court, and because Appellant never
secured a ruling from the trial court, Appellant’s request for notice was insufficient to trigger a
duty on the part of the State to provide the notice requested. Appellant cannot now be heard to
complain that the notice provided by the State failed to reveal the State’s intent to introduce
evidence of the complainant’s pregnancy.


 Appellant’s first issue is overruled.

VOLUNTARINESS OF APPELLANT’S GUILTY PLEA
      In his remaining issues, Appellant asserts that his guilty plea was involuntary as a result of
his ingestion of certain prescription medications on the day of his plea. Therefore, Appellant
argues, the trial court’s failure to order a new trial violated the 5th and 14th Amendments to
the U.S. Constitution, Article 1 § 19 of the Texas Constitution, and Article 26.13(b) of the
Texas Code of Criminal Procedure.
      In order to comply with the requirements of Constitutional due process, a guilty plea must
be voluntarily and intelligently made. See Brady v. United States, 397 U.S. 742, 749, 90
S.Ct. 1463, 25 L.Ed.2d 747 (1970). To achieve this end, the Code of Criminal Procedure
requires that the court admonish the defendant in accordance with Article 26.13 prior to
accepting a guilty plea. See Tex. Code Crim. Proc. Ann. art 26.13. Substantial compliance
with Article 26.13 shifts the burden to the defendant to make an affirmative showing that his
plea was involuntary. Id. art 26.13(c). Such a showing requires proof that Appellant lacked
either the ability to consult with his lawyer with a reasonable degree of rational understanding,
or a rational and factual understanding of the proceedings against him. See Tex. Code. Crim.
Proc. Ann. art. 46.02 § 1A(a) (Vernon Supp. 2000); Arista v. State, 2 S.W.3d 444, 446
(Tex. App.—San Antonio 1999, no writ). When considering whether the trial court abused its
discretion in failing to order a new trial based on Appellant’s claim of an involuntary plea, we
examine the record as a whole. Williams v. State, 522 S.W.2d 483, 486 (Tex. Crim. App.
1975).
      The pertinent record in this case consists of Appellant’s plea hearing and the hearing on
Appellant’s motion for new trial.


 At the plea hearing, Appellant’s counsel called the 
Appellant to the stand in an effort to establish his understanding of the circumstances
surrounding the decision to plead guilty. Appellant affirmed that, due to his religious
convictions and contrary to advice of counsel, he had originally decided to reject the State’s
plea offer of 35 years and was prepared to go to trial. Appellant also affirmed that, upon
further consultation with defense counsel, he had agreed to change his plea to that of guilty
with full understanding that the State had withdrawn its former offer. The court then
proceeded to admonish the Appellant on the record according to Article 26.13 of the Code of
Criminal Procedure, emphasizing that the lack of a plea agreement availed the court of the full
range of punishment. After Appellant repeatedly affirmed his understanding of the
consequences of his plea, the court accepted the plea and set a sentencing hearing.
      The only evidence brought forth by Appellant at the hearing on his motion for new trial
was his own testimony. He testified that on the day of his plea, he had been administered 250
milligrams of Thorazine and 200 milligrams of Prozac. He claimed that the medication slowed
his thinking and speech so that he could not fully understand what was being said to him
during the proceedings. However, appellant also testified that he heeded his attorney’s advice
that it would be favorable to plead guilty to count one of the indictment in exchange for the
State dropping counts two and three. 
      Appellant’s trial counsel, Mr. Ed Canas, was called by the State and testified at the
hearing. Mr. Canas testified that, in the course of his representation of Appellant, he had
communicated each of the State’s plea offers to Appellant and discussed the nature of an “open
plea” and the range of punishment to which Appellant could potentially be subjected. He
further indicated that Appellant appeared to understand the plea proceedings and exhibited no
signs of mental deficiency. Most notably, Mr. Canas testified that the ultimate decision to
plead guilty was Appellant’s, and was motivated in large part by the State’s agreement to drop
counts two and three of the indictment, each of which carried a potential life sentence.
      Considering the entire record, the trial court could properly have concluded that Appellant
maintained the ability to consult with his counsel to a reasonable degree of rational
understanding of the proceedings. He therefore failed to rebut the presumption that his plea
was entered knowingly and voluntarily. The trial court did not abuse its discretion in
overruling Appellant’s motion for new trial.
      The judgment of the trial court is affirmed.
 
 
                                                                               TOM GRAY
                                                                               Justice
Before Chief Justice Davis,
       Justice Vance, and 
       Justice Gray
Affirmed
Opinion delivered and filed August 23, 2000
Do not publish