Eddie DEES d/b/a Fast Action
Bonding, Appellant,

v.

The STATE of Texas, Appellee.

No. 503–92.

Court of Criminal Appeals of Texas,
En Banc.

Sept. 29, 1993.

Rehearing Denied Nov. 24, 1993.

Carolyn Findley Price, Arlington, for appellant.

John Vance, Dist. Atty., and Michael J. Watts, Asst. Dist. Atty., Dallas, Robert Huttash, State's Atty., Austin, for the State.

*OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW*

McCORMICK, Presiding Judge.

This is a bail bond forfeiture case. The facts are set out in the opinion of the Court of Appeals. *Dees v. State,* 822 S.W.2d 703, 704 (Tex.App.—Dallas 1991). We granted appellant's petition for discretionary review to determine (1) whether Article 22.16(a), V.A.C.C.P.,[1] is unconstitutional in its entirety, (2) whether Article 22.16(d), V.A.C.C.P.,[2] is unconstitutional in its entirety, (3) what "costs of court" are authorized in a bail bond forfeiture case, and (4) when does interest

---

1. Hereinafter referred to as "subsection (a)."

2. Hereinafter referred to as "subsection (d)."

begin to accrue on the amount of the bond after forfeiture and what is the proper nomenclature for such interest.

The Court of Appeals held unconstitutional subsection (a) in its entirety, and the portion of subsection (d) utilizing the provisions of Article 22.16(c), V.A.C.C.P.[3] *Dees*, 822 S.W.2d at 706. The Court of Appeals also held civil court costs are the appropriate costs to assess in a bail bond forfeiture proceeding, and "prejudgment interest" begins to accrue on the face amount of the bond at 6% per annum from the date of the judgment nisi. *Id.* at 706–07. We affirm the judgment of the Court of Appeals.

After granting appellant's petition, we held in another case that subsection (a) is unconstitutional in its entirety. *Lyles v. State*, 850 S.W.2d 497, 501 (Tex.Cr.App.1993). This was because subsection (a) could not be given any effect without utilizing the provisions of subsection (c) which we also had decided is unconstitutional in its entirety. *Id.* at 499–501; see also *State v. Matyastik*, 811 S.W.2d 102, 104 (Tex.Cr.App.1991); *Armadillo Bail Bonds v. State*, 802 S.W.2d 237, 241 (Tex.Cr.App.1990). Since these cases dispose of appellant's first ground for review, it is accordingly overruled.

■ Appellant argues if we decide subsection (a) is invalid in its entirety, we also must decide subsection (d) is invalid in its entirety to maintain "logical continuity," because, like subsection (a), subsection (d) utilizes the provisions of subsection (c). We rejected that argument in *Lyles*, because, unlike subsection (a), subsection (d) can be given effect without utilizing the provisions of subsection (c). *Lyles*, 850 S.W.2d at 497. Therefore, based on the reasoning of *Lyles*, we hold only the portion of subsection (d) that utilizes the provisions of subsection (c) is unconstitution-

al; the remainder of subsection (d) is constitutional.[4] Appellant's second ground for review is overruled.

■ Appellant also argues civil court costs are not authorized in a bail bond forfeiture proceeding; he argues only those court costs normally associated with criminal cases may be assessed. A bail bond forfeiture proceeding is a criminal law matter governed by the rules of civil procedure after entry of the judgment nisi. Article 22.10, V.A.C.C.P.; see also *State v. Sellers*, 790 S.W.2d 316, 321 (Tex.Cr.App.1990); *Tinker v. State*, 561 S.W.2d 200, 201 (Tex.Cr.App.1978). Therefore, we hold civil court costs may be assessed in a bail bond forfeiture proceeding after entry of the judgment nisi. See Article 22.10.

Appellant claims the assessment of civil court costs is not authorized under the analysis in *Camacho v. Samaniego*, 831 S.W.2d 804 (Tex.1992). We find *Camacho* distinguishable. In *Camacho*, the El Paso County Commissioners Court imposed on bail bond issuers a bond approval fee that was collected by the Sheriff. *Id.* at 805. The Texas Supreme Court held the County could not impose, and the Sheriff could not collect, the fee because the fee was not authorized by any Texas Statute. *Id.* at 805, 815. Here, Article 22.10 expressly authorizes bail bond forfeiture proceedings to be governed by the rules of civil procedure.[5] Appellant's third ground for review is overruled.

■ Appellant also argues interest on the bond amount should not begin to accrue until the thirtieth day after the date of forfeiture in accordance with Tex.Rev.Civ.Stat.Ann. Article 5069–1.03 (Vernon 1987).[6] Article 22.-16(e), V.A.C.C.P., provides:

"For the purposes of this article, interest accrues on the bond amount *from the date*

---

**3.** Hereinafter referred to as "subsection (c)."

**4.** Subsection (d) should now be read as follows: "[B]efore the entry of a final judgment against the bond, the court in its discretion may remit to the surety all or part of the amount of the bond after deducting the costs of court, any reasonable costs to the county for the return of the principal, and the interest accrued on the bond amount as provided by Subsection (e) of this article."

**5.** We also have held the civil rule setting forth the procedures for recusal of judges applies in criminal cases. *Arnold v. State*, 853 S.W.2d 543, 544 (Tex.Cr.App.1993).

**6.** The Court of Appeals held Article 5069–1.03 applies, and neither party has complained about this holding in a petition for discretionary review. *Dees*, 822 S.W.2d at 707.

*of forfeiture in the same manner and at the same rate as provided for the accrual of prejudgment interest in civil cases.*" (Emphasis Supplied).

Article 5069–1.03 provides:

"When no specified rate of interest is agreed upon by the parties, interest at the rate of six percent per annum shall be allowed on all accounts and contracts ascertaining the sum payable, *commencing on the thirtieth (30th) day from and after the time when the sum is due and payable.*" (Emphasis Supplied).

Appellant argues allowing interest on the amount of the bond to accrue from the date of the judgment nisi, as the Court of Appeals did here,[7] nullifies "in the same manner" language of Article 22.16(e). We disagree. Article 22.16(e) expressly provides for interest to accrue on the bond amount "from the date of forfeiture." Article 22.16(e) describes only how the interest is to accrue by "using the prejudgment interest rate in civil cases from the date of forfeiture." *Shaw v. State,* 804 S.W.2d 672, 673 (Tex.App.—Fort Worth 1991, pet. ref'd). For example, the parties could agree in the bond on how interest is calculated in which case Tex.Rev.Civ.Stat. Ann. Article 5069–1.01(c) would authorize the "manner" for calculating the interest. See, e.g., *Triton Oil and Gas Corp. v. E.W. Moran Drilling Co.,* 509 S.W.2d 678, 687–88 (Tex. Civ.App.—Fort Worth 1974, writ ref'd n.r.e.). We hold that when the parties do not agree otherwise, interest begins to accrue on the bond amount from the date of forfeiture.

■ The next question we decide is the date of forfeiture. The Court of Appeals, in effect, held the date of forfeiture is the date the judgment nisi is entered, and we agree. *Dees,* 822 S.W.2d at 707. Article 22.01, V.A.C.C.P., states that when a defendant fails to appear, a forfeiture of his bail and a judicial declaration of such forfeiture shall be taken in the manner provided in Article 22.-02, V.A.C.C.P. Article 22.02, in effect, provides that a bail bond is forfeited when the trial court signs the judgment nisi. There-

fore, we hold the date of forfeiture is the date the trial court signs the judgment nisi.[8] See Articles 22.01 and 22.02.

■ Finally, appellant raises the proper nomenclature of the interest for which Article 22.16(e) provides. Appellant claims the Court of Appeals erred in characterizing the interest as "prejudgment interest." See *Dees,* 822 S.W.2d at 707. He claims Article 22.16(e) provides for interest on the bond amount from the date of forfeiture, and not prejudgment interest on the judgment. See generally *Cavnar v. Quality Control Parking, Inc.,* 696 S.W.2d 549 (Tex.1985). Article 22.16(e) expressly provides for interest on the bond amount from the date of forfeiture; therefore, we hold the proper nomenclature for such interest is "interest on the bond amount after forfeiture." This holding, however, does not affect the judgment of the Court of Appeals because the Court of Appeals actually calculated "interest on the face amount of the bond at six percent interest per annum from the date of the judgment nisi." *Dees,* 822 S.W.2d at 707. Therefore, we overrule appellant's fourth ground for review, and affirm the judgment of the Court of Appeals.

MALONEY, J., dissents.

WHITE, J., not participating.

___

7. 822 S.W.2d at 706–07.

8. We also note Articles 22.01 and 22.02 appear to provide for the trial court to sign the judgment

nisi on the same date the defendant fails to appear.