Octavio CASTANEDA, d/b/a O.
Castaneda's Bail Bonds
Company, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 13–99–732–CV to 13–99–736–CV.

Court of Appeals of Texas,
Corpus Christi.

Aug. 31, 2001.

**730**

---

Barry Paul Hitchings, Hitchings, Pollock & Bernard, San Antonio, for Appellant.

Cheryl Hole, David D. Reyes, Assistant District Attorneys, Edinburg, for Appellee.

Before Justices DORSEY, CASTILLO, and CANTU.[1]

## OPINION

Opinion by Justice DORSEY.

This group of cases involves, essentially, one issue. That is, "Is a bail bondsman liable on the bond when the principal is deported prior to the time the principal is set to appear in court?" We hold that where the bail bondsman assumes the risk that the principal will be deported, as here, he is liable on the bond.

This case involves five bail bonds issued by Castaneda's Bail Bonds Co. Four of them contained the express notation,

Principal is in violation of Code of Federal Regulations Title "8" C.F.R. Section 315(3) and (4) I.N.S. Pursuant to new law, will be taken into custody by: I.N.S. to Los Fresnos, Texas.

The notation was conspicuously located on the bail bond forms, and was typed in all capital letters.

After the bonding company issued the bonds, the principals were detained by I.N.S. and, ultimately, deported. The principals, obviously, did not then show up in court according to the terms of the bonding agreement. Upon the States' motion, the bonding company was held liable to pay the full amounts of the bonds because the principals failed to appear. The bonding company raises various arguments why it should not be held liable on the bonds. We are not persuaded by these arguments.

■ First, the bonding company argues, that the fact that the government did not actually release the principals invalidates the bonding agreement in its entirety. Under article 22.13(a) of the code of criminal procedure, a surety may be exonerated for forfeiture liability when a "bond is, for any cause, not a valid and binding· undertaking in the law." TEX.CODE CRIM. PROC. ANN. art. 22.13(1) (Vernon 1989). This argument has been addressed by this Court before. *See Reyes v. State*, 31 S.W.3d 343, 345–46 (Tex.App.—Corpus Christi 2000, no pet.). In *Reyes*, we held that the government's failure to release the principal relates to the performance of a bail bond and not to its validity. *Id.* Thus, the surety is not exonerated. We overrule this argument.

■ Next, the bonding company argues that the State, by deporting the principals on the bonds, impermissibly increased the risk assumed by the bonding company after the bonds were already made. Because these bonds contained language indicating that the bonding company expressly

---

1. Senior Justice Antonio G. Cantu assigned to this court by the Chief Justice of the Supreme Court of Texas pursuant to TEX. GOV'T CODE ANN. § 74.003 (Vernon 1998).

assumed the risk that the principals would be deported by I.N.S., we disagree.

■ "A 'bail bond' is a written undertaking entered into by the defendant and his sureties for the appearance of the principal ... before some court or magistrate to answer a criminal accusation. . . ." TEX. CODE CRIM. PROC. ANN. art. 17.02 (Vernon 1977). As such, a bail bond is a contract between the surety (the bonding company) and the State. *Reyes*, 31 S.W.3d at 346. The contract consists of a promise by the surety that the principal will appear before the court in exchange for a promise by the State that it will release the principal. *Id.*

■ The United States Supreme Court has noted that:

There is . . . an implied covenant on the part of the government, when the recognizance of bail is accepted, that it will not in any way interfere with this covenant between them, or impair its obligation, or take any proceedings with the principal which will increase the risks of the sureties or affect their remedy against him.

*Reese v. United States*, 76 U.S. (9 Wall.) 13, 19 L.Ed. 541, 544 (1869). Thus, as a general rule, if the government has taken a unilateral action that will increase the surety's risk on a bond or make it impossible for the bondsman to produce the principal in compliance with the terms of the bond, the government cannot enforce the forfeiture of the bond against the surety. *Id.* However, in this case, the inclusion on the bond forms themselves of language indicating the principals were then subject to I.N.S. proceedings indicates that the bonding company voluntarily assumed the risk that the principals would be deported. Under basic rules of contract interpretation, we give terms their plain, ordinary, and generally accepted meaning unless the instrument shows that the parties intended otherwise, and we presume that the par-

ties to a contract intended every clause to have some effect. *Ogden v. Dickinson State Bank*, 662 S.W.2d 330, 332 (Tex. 1983); *Western Reserve Life Ins. Co. v. Meadows*, 152 Tex. 559, 261 S.W.2d 554, 557 (1953). We hold that inclusion of that language indicates that the risk of deportation was a part of the bargained-for exchange reflected in the bonding contracts. Accordingly, we overrule this issue and affirm the trial court's judgments holding the bonding company liable on the bonds in cause numbers 13–99–00733–CV, 13–99–00734–CV, 13–99–00735–CV and 13–99–00736–CV.

■ Next, we address the bonding company's arguments with regard to the bond at issue in cause number 13–99–00732–CV. That bond did not contain the express notation that the principal was subject to I.N.S. action contained on the face of the other bonds. In that case, a different analysis applies, but we reach the same result. We hold the surety is liable on this bond as well.

Texas Code of Criminal Procedure article 22.13(3) states that a surety will be exonerated from liability upon a bond forfeiture because of "[t]he sickness of the principal or some uncontrollable circumstance which prevented his appearance at court. . . ." TEX.CODE CRIM. PROC. ANN. art. 23.13(3) (Vernon 1989). However, in order for that provision to exonerate the bondsman, it must be shown that the principal's failure to appear arose from no fault on his part. *Id.* Thus, the statute places the burden on the surety to show that it was not at fault for the principal's failure to appear.

At the hearing on the bond forfeitures, the State argued, with no rebuttal by the bonding company, that in each case the bonding company was aware at the time it entered into the bonding agreement that

the principal was subject to I.N.S. proceedings. Even in the case of the bonding agreement that did not contain the express language acknowledging the pending I.N.S. proceeding, the bondsman was aware at the time the bond was written that the principal was subject to I.N.S. proceedings. We cannot say that a bondsman who voluntarily assumes the risk that the principal will be deported has no fault in the subsequent failure of the principal to appear in court at the appointed time. Accordingly, we overrule this point as well. Forfeiture of the bond in cause number 13–99–00732–CV is affirmed.

By its final point, the bonding company argues that the trial court erred in awarding interest on the judgment of forfeiture. The State agrees that the trial court's judgment was incorrect in its award of interest, but that rather than awarding no interest, the court should have awarded interest to be calculated from a different date. According to *Dees v. State,* 865 S.W.2d 461, 463 (Tex.Crim. App.1993), interest accrues on the bond amount beginning on the date of forfeiture, which is the date the trial court signs the judgment nisi. The trial court's judgments in this case conform exactly to the standards set forth in *Dees.* Thus, we affirm them in all respects.

Concurring Opinion by Justice CASTILLO.

CASTILLO, Justice, concurring.

I concur with the majority's opinion regarding the bond forfeitures, except, as to the bond forfeiture in cause number 13–99–00732–CV, I agree with the disposition but do not join in the opinion.