IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-05-00317-CR

 

Sonia Olivarez, d/b/a 

Sonia Olivarez Bail Bonds,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 

 



From the 18th District Court

Johnson County, Texas

Trial Court No. B200200040

 



Opinion



 








          Sonia Olivarez dba Sonia Olivarez Bail
Bonds appeals from the denial of her motion for a special bill of review under
article 22.17 of the Code of Criminal Procedure.[1] 
To date, Olivarez has failed to file a docketing statement.  See Tex. R. App. P. 32.

          The Clerk of this Court notified
Olivarez by letter dated September 26, 2005 that no docketing statement had
been received and warned her that the appeal was subject to dismissal if she
did not file one within twenty-one days.  No response has been received to this
notice.

          Rule of Appellate Procedure 42.3(c)
provides for the involuntary dismissal of a civil appeal if the appellant has
failed to comply with “a notice from the clerk requiring a response or other
action within a specified time.”  The procedural rules for civil appeals apply
to bond forfeiture appeals.  See Tex.
 Code Crim. Proc. Ann. art. 44.44 (Vernon 1979); McCluskey v. State,
64 S.W.3d 621, 623 (Tex. App.—Houston [1st Dist.] 2001, no pet.); see also Dees v. State, 865 S.W.2d 461, 462 (Tex. Crim. App. 1993) (procedural rules for civil
trials apply to bond forfeiture proceedings in trial court).

          There are filing fees and other court
costs normally associated with civil appeals which are not ordinarily imposed
in an appeal from a criminal conviction.[2]  See
Tex. Gov’t Code Ann. §§ 51.005,
51.207 (Vernon 2005); Tex. R. App. P. 5;
Order Regarding Fees Charged in Civil Cases in the Supreme Court and the Courts
of Appeals, Misc. Docket No. 98-9120 (Tex. Jul. 21, 1998).  In the past, this
Court has not traditionally required the payment of filing fees or other court
costs in a bond forfeiture appeal.  However, it appears that this practice is
contrary to the law.

          In Dees, the Court of Criminal
Appeals cited article 22.10 of the Code of Criminal Procedure in support of the
proposition that “civil court costs may be assessed in a bail bond forfeiture
proceeding.”  865 S.W.2d at 462 (citing Tex.
Code Crim. Proc. Ann. art. 22.10 (Vernon Supp. 2005)).

          Following the holding of Dees, it appears that all costs traditionally associated with a civil appeal should
be imposed in an appeal from a bond forfeiture proceeding.  Thus, we conclude
that the $125 filing fee and the filing fees for pleadings should be assessed
in such an appeal.  See Tex. Gov’t
Code Ann. § 51.207; Tex. R. App.
P. 5; Order Regarding Fees Charged in Civil Cases in the Supreme Court
and the Courts of Appeals, Misc. Docket No. 98-9120.

          To date however, this Court has not
required the payment of such fees.  Because we have not previously required the
payment of such fees in bond forfeiture appeals, we will not do so in this
appeal or in any bond forfeiture appeal currently pending in this Court.

          Absent a specific exemption, the Clerk
of the Court must collect filing fees at the time a document is presented for
filing.  Tex. R. App. P. 12.1(b); Order Regarding Fees Charged in Civil
Cases in the Supreme Court and the Courts of Appeals, Misc. Docket No. 98-9120;
see also Tex. R. App. P.
5; 10th Tex. App. (Waco) Loc. R.
6.  Under these circumstances, we suspend the rule and order the Clerk to write
off all unpaid filing fees in this case.  Tex.
R. App. P. 2.

          Olivarez has failed to comply with a
notice from the Clerk of this Court requiring Olivarez to file a docketing
statement within twenty-one days.  Accordingly, this appeal is dismissed.  See
Tex. R. App. P. 42.3(c).

PER CURIAM

 

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

(Chief
Justice Gray dissenting)

          (Justice
Vance concurs with a note:  A docketing statement is for administrative
purposes only and does not affect our jurisdiction.  Tex. R. App. P. 32.4.  Dismissal as a sanction is, in effect,
a “death penalty,” which precludes consideration of the merits of the
appellant’s claim.  Under the law developed to evaluate trial-court dismissals of
civil proceedings as sanctions, such a sanction must be “just.”  TransAmerican
Natural Gas v. Powell, 811 S.W.2d 913, 917 (Tex. 1991) (orig. proceeding). 
That means a direct relationship must exist between the offensive conduct and
the sanction imposed.  Id.  Furthermore, a permissible sanction should
be no more severe than required to satisfy legitimate purposes.  Chrysler
Corp. v. Blackmon, 841 S.W.2d 844, 849 (Tex. 1992) (orig. proceeding). 
This means that a court must consider relatively less stringent sanctions first
to determine whether lesser sanctions will fully promote compliance,
deterrence, and discourage further abuse.  Id.   Our own precedent holds
that “the Rules of Civil Procedure apply to forfeiture proceedings under
article 18.18(b) of the Code of Criminal Procedure.”  F&H Investments
Inc. v. State, 55 S.W.3d 663, 668, (Tex. App.—Waco 2001, no pet.).  The
majority says we “notified Olivarez”; our letter shows we notified Olivarez’s
attorney.  We have not tried to determine where the fault lies as between
Olivarez or her lawyer, nor have we imposed a lesser sanction such as a fine. 
While we may conclude that the failure of the lawyer to file a docketing
statement reflects adversely on the merits of the client’s appeal, we should be
cautious in doing so.)

Appeal dismissed

Opinion delivered and
filed December 21, 2005

Publish

[CR25]









[1]
          Article 22.17 provides that the
surety on an appearance bond may file a special bill of review within 2 years
after that bond was forfeited.  Tex.
Code Crim. Proc. Ann. art. 22.17 (Vernon 1989).  Presumably, a surety
will do so only when the principal has been re-arrested.  See e.g. Grammercy
Ins. Co. v. State, 834 S.W.2d 379, 380-81 (Tex. App.—San Antonio 1992, no
pet.).





[2]
          A non-indigent criminal
appellant must pay costs for preparation of the appellate record.  See Tex. R. App. P. 20.2.