Opinion issued November 7, 2008









In The

Court of Appeals

For The

First District of Texas






NO. 01-07-00122-CR

NO. 01-07-00123-CR






SAFETY NATIONAL CASUALTY CORPORATION
(AGENT MICHAEL W. COX), Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 180th District Court

Harris County, Texas

Trial Court Cause Nos. 1000459-A and 1000442-A






SUPPLEMENTAL OPINION

ON PETITIONS FOR DISCRETIONARY REVIEW


 Our original opinion was issued on April 17, 2008. Safety Nat'l Cas. Corp.
(Agent Michael W. Cox) v. State, 261 S.W.3d 160 (Tex. App.--Houston [1st Dist.]
2008, pets. filed). Both Safety National and the State filed petitions for discretionary
review questioning our (1) original designation of these related cases as civil cases,
"CV"; (2) assessment of costs against the State, as in a civil case; and (3) assessment
of filing fees. We write now to reform our original judgment and to explain both our
redesignation of these related cases to criminal cases, "CR," and our assessment of
costs against Safety National, including civil appellate filing fees. We reaffirm our
original holding reversing the trial court's judgments and rendering judgments
correcting the computation of interest on these forfeited bail bonds.

Bail-Bond Forfeiture Cases Are Criminal Cases


 Both the State and Safety National contend that we erred by designating these
cases as "CV" or civil cases. 

 A bail-bond forfeiture proceeding is a criminal action governed by the rules of
civil procedure after the entry of the judgment nisi. Dees v. State, 865 S.W.2d 461,
462 (Tex. Crim. App. 1993) 

 When a forfeiture has been declared upon a bond, the court or clerk shall
docket the case upon the scire facias or upon the civil docket, in the
name of the State of Texas, as plaintiff, and the principal and his
sureties, if any, as defendants; and, except as otherwise provided by this
chapter, the proceedings had therein shall be governed by the same rules
governing other civil suits.


Tex. Code Crim. Proc. Ann. art. 22.10 (Vernon Supp. 2008). 

 However, the Court of Criminal Appeals has held that bail-bond forfeiture
proceedings are criminal cases. State v. Sellers, 790 S.W.2d 316, 321 (Tex. Crim.
App. 1990). In Sellers, the State argued that it was entitled to appeal an adverse
judgment in a bail-bond forfeiture under the civil rules. Id. at 321. The Court of
Criminal Appeals disagreed.

 The short answer to the State's contention is, of course, that a bond
forfeiture proceeding is not a "civil case," Article 22.10, supra,
notwithstanding. The Supreme Court of Texas long ago noted, in
responding negatively to the certified question whether courts of civil
appeals had jurisdiction to entertain appeals in bond forfeiture
proceedings, that "[t]he effect of this provision [a forerunner of Article
22.10] was to prescribe the manner of trial, but did not change the
character of the case." Jeter v. State, 86 Tex. 555, 26 S.W. 49 (1894).
The Supreme Court, the Court of Appeals, and its successor, this Court,
have all consistently held that bond forfeiture is a criminal matter. Gay
v. The State, Hart v. The State, and State ex rel. Vance v. Routt, all
supra. Article 22.10, supra, simply prescribes that civil rules shall
govern all proceedings in the trial court following judgment nisi. It does
not transform a bond forfeiture proceeding from a criminal into "a civil
case" for purposes of § 51.012, supra.


Id. (note 5 omitted). Moreover, the Court of Criminal Appeals, not the Texas
Supreme Court, is the court of last resort in these cases.

 In the past, we have designated appeals from bail-bond forfeiture proceedings
as "CV" or civil cases. See Kubosh v. State, Nos. 01-05-00401-CV,
01-05-00402-CV, 2006 WL 2506498 (Tex. App.--Houston [1st Dist.] Aug. 31,
2006), aff'd, 241 S.W.3d 60 (Tex. Crim. App. 2007); Kubosh v. State, No.
01-05-00357-CV, 2006 WL 560186 (Tex. App.--Houston [1st Dist.] March 9, 2006,
pet. ref'd); Kubosh v. State, 177 S.W.3d 156 (Tex. App.--Houston [1st Dist.] 2005,
pet. ref'd) (No. 01-04-00268-CV); Spradlin v. State, 100 S.W.3d 372 (Tex.
App.--Houston [1st Dist.] 2002, no pet) (Nos. 01-01-00451-CV, 01-01-00452-CV);
McCluskey v. State, 64 S.W.3d 621 (Tex. App.--Houston [1st Dist.] 2001, no pet.)
(No. 01-01-00410-CV); Burns v. State, 881 S.W.2d 132 (Tex. App.--Houston [1st
Dist. 1994, no pet.) (No. 01-93-00999-CV); Mackintosh v. State, 845 S.W.2d 361
(Tex. App.--Houston [1st Dist.] 1992, pet. ref'd) (No. 01-91-01438-CV); Pena v.
State, No. 01-89-00687-CV, 1989 WL 150203 (Tex. App.--Houston [1st Dist.] Dec.
14, 1989, pet. ref'd); MacDonald v. State, No. 01-87-00823-CV, 1988 WL 124525
(Tex. App.--Houston [1st Dist.] Nov. 17, 1988, no pet.). The instant cases were
originally docketed as civil cases and given a "CV" designation in our Court, in
accordance with this practice. 

 However, because these are criminal cases, the appeal of which is to the Court
of Criminal Appeals, we conclude that appeals from bail-bond forfeiture proceedings
should be designated as "CR"; accordingly, we have changed the designation of these
cases from No. 01-07-00122-CV to No. 01-07-00122-CR and from No. 01-07-00123-CV to No. 01-07-00123-CR. See Sellers, 790 S.W.2d at 321.


Costs of Appeal To Be Assessed Against Safety National

 Rule of Appellate Procedure 43.4 provides that the court of appeals should
award costs of appeal to the prevailing party in a civil case. Tex. R. App. P. 43.4. In
our original judgments, we assessed all costs incurred by reason of the appeals against
the State, because Tex. R. App. P. 43.4 is among the "rules governing other civil
suits." See Tex. Code Crim. Proc. Ann. art. 22.10 (Vernon Supp. 2008). However,
the Code of Criminal Procedure specifies that a surety remains obligated to pay costs
of court in the present situation:

 Art. 22.13. Causes Which Will Exonerate

 (a) The following causes, and no other, will exonerate the defendant and
his sureties, if any, from liability upon the forfeiture taken:

 . . . 

 5. The incarceration of the principal in any jurisdiction in
the United States:

 . . . 

 (B) in the case of a felony, at the time of or
not later than the 270th day after the date of
the principal's failure to appear in court.


 (b) A surety exonerated under Subdivision 5, Subsection (a), remains
obligated to pay costs of court, any reasonable and necessary costs
incurred by a county to secure the return of the principal, and interest
accrued on the bond amount from the date of the judgment nisi to the
date of the principal's incarceration.


Tex. Code Crim. Proc. Ann. art. 22.13 (Vernon Supp. 2008).

 Here, we should have assessed the costs incurred by reason of this appeal
against Safety National, and we reform our judgments to do so. (1) Civil Filing Fees to Be Collected in Bail-bond forfeiture Cases

 Finally, we consider whether civil appellate filing fees should be assessed in
criminal bail-bond forfeiture cases. We conclude that they should.

 The Waco Court of Appeals addressed this issue in Olivarez v. State, 183
S.W.3d 59, 60-2 (Tex. App.--Waco 2005, reh'g granted Feb. 22, 2006). The court
of appeals wrote:

 The procedural rules for civil appeals apply to bond forfeiture appeals. 
See Tex. Code Crim. Proc. Ann. art. 44.44 (Vernon 1979); McCluskey
v. State, 64 S.W.3d 621, 623 (Tex. App.--Houston [1st Dist.] 2001, no
pet.); see also Dees v. State, 865 S.W.2d 461, 462 (Tex. Crim. App.
1993) (procedural rules for civil trials apply to bond forfeiture
proceedings in trial court).


 There are filing fees and other court costs normally associated with civil
appeals which are not ordinarily imposed in an appeal from a criminal
conviction. See Tex. Gov't Code Ann. §§ 51.005, 51.207 (Vernon
2005); Tex. R. App. P. 5; Order Regarding Fees Charged in Civil Cases
in the Supreme Court and the Courts of Appeals, Misc. Docket No.
98-9120 (Tex. Jul. 21, 1998). In the past, this [Waco] Court has not
traditionally required the payment of filing fees or other court costs in a
bond forfeiture appeal. However, it appears that this practice is contrary
to the law.


 In Dees, the Court of Criminal Appeals cited article 22.10 of the Code of
Criminal Procedure in support of the proposition that "civil court costs
may be assessed in a bail-bond forfeiture proceeding." 865 S.W.2d at
462 (citing Tex. Code Crim. Proc. Ann. art. 22.10 (Vernon
Supp.2005) [sic]).




 Following the holding of Dees, it appears that all costs traditionally
associated with a civil appeal should be imposed in an appeal from a
bond forfeiture proceeding. Thus, we conclude that the $125 filing fee
and the filing fees for pleadings should be assessed in such an appeal.
See Tex. Gov't Code Ann. § 51.207; Tex. R. App. P. 5; Order
Regarding Fees Charged in Civil Cases in the Supreme Court and the
Courts of Appeals, Misc. Docket No. 98-9120.


Id. at 60. (2) We have historically assessed filing fees in appeals from bail-bond forfeitures. 
Moreover, we have also dismissed several bail-bond forfeiture cases for failure to pay
the filing fees. E.g., Middleton v. State, No. 01-08-00342-CV, 2008 WL 3115370
(Tex. App.--Houston [1st Dist.] Aug. 7, 2008, no pet.) (dismissing appeal for failure
to pay filing fee); Casas v. State, No. 01-04-00061-CV, 2004 WL 666844 (Tex.
App.--Houston [1st Dist.] Mar. 31, 2004, no pet.) (dismissing appeal for failure to
pay filing fee). In addition, we have previously ordered a surety to pay the appellate
filing fee when dismissing a case for want of prosecution. Wilson v. State, No. 01-01-00690-CV, 2002 WL 1164453, *1 (Tex. App.--Houston [1st Dist.] May 30, 2002,
no pet.). We conclude it is proper to assess civil appellate filing fees in appeals from
bail-bond forfeitures. If we were to assess only the same costs that are assessed in
criminal cases, we would not be abiding by the statutory requirement that after entry
of a judgment nisi, bail-bond forfeiture proceedings "shall be governed by the same
rules governing other civil suits." See Tex. Code Crim. Proc. Ann. art. 22.10
(Vernon Supp. 2008). 














Conclusion

 We amend the designation of these cases from No. 01-07-00122-CV to No. 01-07-00122-CR and from No. 01-07-00123-CV to No. 01-07-00123-CR. We reform
our prior judgments to assess costs incurred by reason of this appeal against Safety
National. With these additional comments, we reaffirm our original holding that the
judgments in these cases be reversed and rendered as follows: in cause number
100459-A (01-07-00122-CR), we render judgment to state that "Defendant-Principal
was incarcerated on September 16, 2005," and in cause number 1000442-A (01-07-00123-CR), we render judgment to state that "Defendant-Principal was incarcerated
on September 16, 2005." 



 Sam Nuchia

 Justice


Panel consists of Justices Nuchia, Hanks, and Higley.

Publish. Tex. R. App. P. 47.2(b). 
1. The State argues that "there is no law in the State of Texas that allows a court of appeals to
order the State to pay the costs of an appeal in a criminal case." We do not decide today whether
costs could ever be assessed against the State because the Code of Criminal Appeals dictates the
result in these cases.
2. Citing an attorney general advisory opinion, Safety National argues that because bail-bond
forfeiture cases are criminal matters, civil filing fees do not apply. See Op. Tex. Att'y Gen. No. GA-0486 (2006). In Dees, the Court of Criminal Appeals clearly rejected the argument that civil court
costs do not apply because bail-bond forfeitures are criminal matters. Dees, 865 S.W.2d at 462.