**AFFIRMED as MODIFIED and Opinion Filed May 14, 2024.**



In The

# Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-20-01005-CV

**CONTINENTAL HERITAGE INSURANCE COMPANY, AGENT PAT KINNARD, D/B/A PAT KINNARD BAIL BONDS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 3
Dallas County, Texas
Trial Court Cause No. F18-18863-J**

## OPINION ON REMAND

Before Justices Nowell, Miskel,[1] and Kennedy[2]
Opinion by Justice Kennedy

This appeal arises from a bond forfeiture proceeding. In our original opinion, we overruled Continental Heritage Insurance Company, agent Pat Kinnard, d/b/a Pat Kinnard Bail Bonds' ("Continental Heritage") sole issue challenging the trial court's order denying its motion to correct costs and urging this Court to overrule its

---

[1] Justice Emily Miskel succeeded Justice Leslie Osborne, a member of the original panel. Justice Miskel has reviewed the briefs and record before the Court.

[2] Justice Nancy Kennedy succeeded Justice David Schenck, author of the original memorandum opinion. Justice Kennedy has reviewed the briefs and record before the Court.

decision in *Ranger*[3] claiming we improperly expanded the holdings in *Dees*[4] and *Safety National* in that case.[5]  *See Cont'l Heritage Ins. Co. v. State*, No. 05-20-01005-CV, 2022 WL 17038175 (Tex. App.—Dallas Nov. 17, 2022) (mem. op., not designated for publication), *vacated*, 683 S.W.3d 407 (Tex. Crim. App. 2024). Thereafter, the Texas Court of Criminal Appeals granted Continental Heritage's petition for discretionary review and concluded, as this Court did, that a surety can be liable, and is generally liable, for civil filing fees as court costs when a bond is forfeited.  *See Cont'l Heritage Ins. Co. v. State*, 683 S.W.3d 407, 409, 419–20 (Tex. Crim. App. 2024).  In addition, the court clarified that, notwithstanding the general rule, a surety is not liable for a filing fee that the State is entirely exempt from paying unless a statute nevertheless requires a civil defendant to pay the fee if the State prevails.  *Id.*  The court determined it is possible the judgment at issue here improperly included fees the State is exempt from paying and fees that duplicate another charged fee.  *Id.* at 419–20.  Deciding to leave it to this Court, in the first instance, to determine whether the judgment does in fact contain improperly assessed fees as costs of court, the court of criminal appeals vacated our judgment

---

[3] *Ranger Ins. Co. v. State*, 312 S.W.3d 266 (Tex. App.—Dallas 2010, pet. dism'd, untimely filed).

[4] *Dees v. State*, 865 S.W.2d 461, 462 (Tex. Crim. App. 1993).

[5] *Safety Nat'l Cas. Corp. v. State*, 305 S.W.3d 586, 588–90 (Tex. Crim. App. 2010).

and remanded the case to this Court to make that determination.[6]  *Id.* at 420.  On remand, we modify the trial court's judgment and the clerk's bill of costs to delete the assessment of the law library, appellate fund, dispute mediation, district court archive, records management and preservation, and records management fees as costs of court.  We otherwise affirm the trial court's judgment, assessing costs of court totaling $336 and requiring the payment of $100 in interest.

## BACKGROUND

Continental executed an appearance-surety bond for Darrell David, who was indicted for unlawful possession of a firearm by a felon.   David failed to appear at a trial setting, and a judgment nisi was entered for the forfeiture of a $10,000 bond.  On October 9, 2020, a final judgment of forfeiture was signed, forfeiting the bond and requiring the payment of $100 in interest, $396 in court costs, and any reasonable and necessary costs incurred by the county for the return of the criminal defendant.  The clerk's bill of costs, issued the same day, included the following

---

[6] On remand, Continental Heritage urges this Court to entertain its assertion that the court of criminal appeals' determination that a bond forfeiture proceeding is not a continuation of the criminal proceeding establishes that the trial court did not have personal jurisdiction over it, making the judgment at issue here void.  In addition, on remand, for the first time, the State urges the bill of costs erroneously left off an additional filing fee for civil cases in certain courts in the amount of $10.  *See* TEX. GOV'T CODE § 51.708.  We decline to address the parties' latest assertions as doing so would exceed the scope of the Texas Court of Criminal Appeals' mandate on remand.  *See Adkins v. State*, 764 S.W.2d 782, 789 (Tex. Crim. App. 1988) (Teague, J., dissenting).  In addition, while a court of appeals may go outside the scope of the remand mandate in order to affirm a trial court's ruling, it cannot reverse a trial court's ruling on a theory that was not presented to the trial court.  *Carroll v. State*, 101 S.W.3d 454, 459 n.34 (Tex. Crim. App. 2003).  The argument raised by the State concerning an additional fee was not presented to the trial court and thus is not preserved for our review on remand as it would not be on direct appeal.

line items, totaling $496:

| | |
|---|---:|
| JUDICIAL SALARY FEE | 42.00 |
| CLERK'S FEE | 50.00 |
| COURT REP SERV FEE | 15.00 |
| LAW LIBRARY | 20.00 |
| BAILIFF'S FEE | 20.00 |
| APPELLATE FUND | 5.00 |
| STATE JUDICIAL FEE | 50.00 |
| DISPUTE MEDIATION | 15.00 |
| RECORDS PRESERVATION | 10.00 |
| DC ARCHIVE FEE | 10.00 |
| COURT HOUSE SEC FEE | 5.00 |
| RECORDS MGT & PRES | 5.00 |
| STATE INDIGENCY FEE | 10.00 |
| RECORDS MANAGEMENT | 5.00 |
| CIVIL COURTS BLDG IM | 15.00 |
| ST ELECTRONIC FILING | 30.00 |
| INTEREST ON BONF | 100.00 |
| CLERK'S FEE - MISC | 8.00 |
| CERTIFIED MAIL | 76.00 |
| COURT PERS. TRAINING | 5.00 |

On October 26, 2020, Continental Heritage filed a motion to correct costs. In its motion, Continental Heritage asserted that the collection of civil filing fees was not authorized in bond forfeiture proceedings and identified specific fees it claimed it should not have to pay, which included most of the fees in the bill of costs. The trial court denied Continental Heritage's motion and we affirmed the trial court's decision concluding civil filing fees were court costs that could be assessed in a bond forfeiture proceeding. *Continental*, 2022 WL 17038175, at *2–3. On remand, we are to determine whether any of the identified fees were assessed improperly. *Continental*, 683 S.W.3d at 420.

–4–

Certain governmental-entity plaintiffs are exempt from having to pay filing fees up-front. Section 6.001 of the Texas Civil Practice and Remedies Code exempts a listed governmental-entity plaintiff from advance payment of filing fees and other court costs and does not exempt it from ultimately paying such costs if it loses, unless some other statutory exemption applies. *See* TEX. CIV. PRAC. & REM. CODE § 6.001; *see also Continental*, 683 S.W.3d at 413. As the court of criminal appeals noted in *Continental*, one of the listed governmental entities is "a county of this state." *Continental*, 683 S.W.3d at 412 (citing CIV. PRAC. & REM. § 6.001(b)(4)). The statute does not specifically define who can act for the "county," but there is an exclusion from the up-front exemption rule for extraordinary writs filed by district and county attorneys. CIV. PRAC. & REM. § 6.001(c). The court of criminal appeals concluded that the fact that district and county attorneys are explicitly excepted in one subsection, subsection (c), suggests that in other lawsuits district or county attorneys qualify as being "the county" under the statute. *Continental*, 683 S.W.3d at 412. The court further noted that the attorney general opinions construing section 6.001 were in response to inquiries by a district attorney and a county attorney, where clerks, sheriffs, or constables were insisting on the payment of fees in advance. *Id.* at 412–13 (citing DM-459, 1997 Tex. AG LEXIS 160, at *1 (County Attorney); MW-447A, 1982 Tex. AG LEXIS 163, at *1 (District Attorney)). It

appears from these statements, as well as the court's comments concerning various statutes exempting the county from payment, that the court of criminal appeals concluded that while the proceeding was brought in the name of the State, the district attorney filing the case qualifies as being the "county" under section 6.001 and may be exempt from paying certain fees.

We have examined the fee statutes at issue here, as they existed at the time judgment was rendered, to determine whether the State or the district attorney, qualifying as being "the county," would have been exempt from paying any of the assessed fees had the State not prevailed in the bond forfeiture proceeding.[7] Having done so, we conclude the State, or the district attorney, qualifying as being "the county," was exempt from paying the "law library fee" of $20, the "appellate fund" fee of $5, the "dispute mediation" fee of $15, and the "DC archive fee" of $10. *See* TEX. LOC. GOV'T CODE § 323.023(a) (law library fee) ("The county is not liable for the costs."); TEX. GOV'T CODE § 22.2061(c) (appellate fund fee) ("The court costs fee does not apply to a suit filed by the county . . . ."); CIV. PRAC. & REM. § 152.004(b) (dispute mediation fee) ("The county is not liable for the payment of a court cost under this section."); GOV'T § 51.317(b-2) (DC archive fee) ("The fee

---

[7]The fee statutes identified herein were repealed effective January 1, 2022. The fee statutes were consolidated into Texas Local Government Code sections 133.151 and 135.101 and became effective January 1, 2022. *See* TEX. LOC. GOV'T CODE §§ 133.151; 135.101. We note that interest on bond forfeiture is not a civil filing fee, it is a separate charge assessed against the surety. Accordingly, we will not further address interest of bond forfeiture herein.

imposed under Subsection (b)(5) [$10 records archiving fee] does not apply to a filing by a state agency."). Accordingly, these fees were improperly assessed against Continental Heritage.

In addition, as the court of criminal appeals noted, Continental Heritage was improperly assessed duplicate record preservation fees. The governing statute permits the assessment of a $10 fee; Continental Heritage was assessed a total of $20. *See* GOV'T § 51.317(b)(4). Subsection (c) of the statute specifies how those fees are to be allocated to the county records management and preservation fund and the district clerk records management and preservation fund: $5 to each. *Id.* § 51.317(c). Subsection (c) does not authorize an additional assessment of $10. Accordingly, the "records mgt & pres" and "records management" fees of $5 each were improperly assessed against Continental Heritage, but the "records preservation fee" of $10 was properly assessed against Continental Heritage. *Id.* § 51.317(b)(4).

With respect to the "courthouse security fee," we note that while the county is exempt from paying the fee, the statute governing same provides the fee shall be taxed and collected as a cost of court from the nonprevailing party when the state or a political subdivision is the prevailing party. LOC. GOV'T § 291.008(a)–(b). Thus, this fee was properly assessed.

With respect to the remaining fees,[8] we conclude they were properly assessed against Continental Heritage because the State, or the district attorney, qualifying as being the county, was not exempt from paying same. *See* LOC. GOV'T § 133.154(a) (judicial salary fee); GOV'T § 51.317(b)(1) (clerk's fee); GOV'T § 51.601(a) (court reporter service fee); LOC. GOV'T § 118.131 (bailiff's fee); LOC. GOV'T § 133.151(a)(2) (state judicial fee); LOC. GOV'T § 133.152(a)(2) (state indigency fee); GOV'T § 51.705(b) (civil courts building improvement fee); GOV'T § 51.851(b) (state electronic filing); GOV'T § 51.318(b)(2) (clerk's fee-citation); GOV'T § 51.319(2); LOC. GOV'T § 118.131(a) (certified mail); GOV'T § 51.971(a) (court personnel training fee). Accordingly, these fees were properly assessed against Continental Heritage.

## CONCLUSION

We conclude Continental Heritage was improperly assessed the law library, the appellate fund, the dispute mediation, the district court archive, the records management & preservation, and the records management fees. The proper remedy is to reform the trial court's judgment by deleting these fees. *See, e.g.*, *Cates v. State*, 402 S.W.3d 250, 252 (Tex. Crim. App. 2013). We modify the trial court's judgment and the clerk's bill of costs to delete the assessment of the $20 law library, $5

---

[8] Specifically, the remaining fees include "judicial salary fee" of $42, the "clerk's fee" of $50, the "court rep serv fee" of $15, the "bailiff's fee" of $20, the "state judicial fee" of $50, the "state indigency fee" of $10, the "civil courts bldg. im" fee of $15, the "st electronic filing" fee of $ 30, the "clerk's fee - misc" of $8, the "certified mail fee" of $76, and the court personnel training fee" of $5.

appellate fund, $15 dispute mediation, $10 district court archive, $5 records management & preservation, and $5 records management fees as costs of court. We affirm the trial court's judgment as modified.



           /Nancy Kennedy/                 
NANCY KENNEDY
201005F.P05                    JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

CONTINENTAL HERITAGE INSURANCE COMPANY, AGENT PAT KINNARD, D/B/A PAT KINNARD BAIL BONDS, Appellant

No. 05-20-01005-CV      V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 3, Dallas County, Texas Trial Court Cause No. F18-18863-J. Opinion delivered by Justice Kennedy. Justices Nowell and Miskel participating.

In accordance with this Court's opinion of this date, the judgment of the trial court and the clerk's bill of costs are **MODIFIED** as follows:

To delete the assessment of the law library (20), appellate fund (5), dispute mediation ($15), district court archive ($10), records management & preservation ($5), and records management fees ($5) as costs of court.

It is **ORDERED** that, as modified, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee THE STATE OF TEXAS recover its costs of this appeal from appellant CONTINENTAL HERITAGE INSURANCE COMPANY, AGENT PAT KINNARD, D/B/A PAT KINNARD BAIL BONDS.

Judgment entered this 14th day of May 2024.