SAFETY NATIONAL CASUALTY
CORPORATION (Agent Michael
W. Cox), Appellant,

v.

The STATE of Texas, Appellee.

Nos. 01–07–00122–CV, 01–07–00123–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

April 17, 2008.

Rehearing Overruled Aug. 22, 2008.

Jan G. Banker, Houston, TX, Kenneth W. Good, Kent, Good, Anderson & Bush, PC, Tyler, TX, for Appellant.

Charles A. Rosenthal, Jr., Dist. Atty.–Harris County, William J. Delmore III, James L. Norris, Kathleen Braddock, Asst. Dist. Attys., Houston, TX, for Appellee.

Panel consists of Justices NUCHIA, HANKS, and HIGLEY.

## OPINION

SAM NUCHIA, Justice.

This is a bond forfeiture case. Appellant, Safety National Casualty Corporation (Agent Michael Cox), brings the same single issue in these related cases. Appellant, a bond surety, contests the trial court's judgment specifying the computation of interest under TEX.CODE CRIM. PROC. ANN. art. 22.13(b) (Vernon Supp.2007).

We reverse and render.

## Background

The facts in this case are not disputed. Appellant, a bail bond company, issued two appearance bonds for principal, Johnny Brocato, on two separate felony charges. The bonds were forfeited on August 26, 2005, when Brocato failed to appear in court and the trial court signed a judgment nisi in each case. Brocato was arrested in Brown County[1] on September 16, 2005, where he was held until he was

1. In an affidavit attached to appellant's motion for new trial, Michael W. Cox stated, "I am the owner of Mike Cox's Bail Service of Texas. I am an agent of Safety National Casualty Corporation. I made a bond on Johnny Brocato on January 29, 2005, and he failed to appear to court on August 26, 2005. I had him arrested and booked into the Brown County Jail in Brownwood, Texas, on September 16, 2005."

returned to Harris County custody on October 25, 2006, over a year later.

On February 6, 2007, the trial court held a brief, nonevidentiary hearing regarding the forfeiture. The parties agreed that: (1) Code of Criminal Procedure article 22.13(a)(5) applied to exonerate appellant; (2) the forfeiture occurred on August 26, 2005; (3) the principal was incarcerated in Brown County on September 16, 2005; and (4) the principal was returned to Harris County on October 25, 2006. They argued to the trial court about the meaning of article 22.13(b), which required appellant to pay court costs, costs of return, and interest from the date of forfeiture until the date of incarceration. *See id.* Appellant argued that "incarceration" referred to the date of incarceration in Brown County, and appellee argued that "incarceration" referred to the date of incarceration in Harris County. The trial court agreed with appellee, saying, "I am going to rule that they are entitled to the interest until he was brought back to Harris County."

The same day, the trial court signed final judgments of forfeiture in each case, which are substantially the same and provide, "the State has verified the Defendant–Principal was incarcerated on OCTOBER 25, 2006," and orders that the principal and appellant "jointly and severally" pay the State "the costs of court and interest accruing from the date of forfeiture to the date of the Defendant–Principal's incarceration at the rate of six percent per annum on the bond amount."

Also that same day, the Harris County District Clerk issued a bill of costs, in accordance with the judgment. Appellant later filed a motion for new trial, a motion for judgment n.o.v., and an objection to the district clerk's bill of costs. The trial court denied these motions.

In one issue, appellant challenges the judgment, specifically, the trial court's holding that the date of incarceration was the date of incarceration in Harris County, rather than the earlier date of incarceration in Brown County.[2]

### Discussion

This case requires us to construe the meaning of a statute. Because statutory interpretation is a question of law, we employ a de novo standard of review. *Bragg v. Edwards Aquifer Auth.*, 71 S.W.3d 729, 734 (Tex.2002). If the language of a statute is not ambiguous, we must give effect to the plain meaning of its words unless doing so would lead to absurd results. *See Barshop v. Medina County Underground Water Conservation Dist.*, 925 S.W.2d 618, 629 (Tex.1996) (courts should not read a statute to create an absurd result).

Here, the parties dispute the meaning of the following statute:

Art. 22.13. Causes Which Will Exonerate

(a) The following causes, and no other, will exonerate the defendant and his sureties, if any, from liability upon the forfeiture taken:

. . .

---

2. Appellant brings the same issue in both cases, "Did the trial court properly calculate interest on the amount of bond until [the principal] was returned to Harris County even though he was incarcerated in Brown County for 318 days before transfer to Harris County?" Strictly speaking, the trial court did not calculate the amount of the bond, the district clerk did that in the bill of costs, based on the information in the trial court's judgment. However, because appellant's brief acquaints us with the issues in this case and presents argument that will enable us to decide this case, we construe this issue as an attack on the judgment, which specifies that the principal was incarcerated on October 25, 2006, which is the date he was incarcerated in Harris County. *See* Tex.R.App. P. 38.9.

5. The incarceration of the principal in any jurisdiction in the United States:

. . .

(B) in the case of a felony, at the time of or not later than the 270th day after the date of the principal's failure to appear in court.

(b) A surety exonerated under Subdivision 5, Subsection (a), remains obligated to pay costs of court, any reasonable and necessary costs incurred by a county to secure the return of the principal, and interest accrued on the bond amount from the date of the judgment nisi to the date of the principal's incarceration.

TEX.CODE CRIM. PROC. ANN. art. 22.13 (Vernon Supp.2007).

This is a case of first impression. Appellant argues that it owes interest only from the date of the judgment nisi to the date of the principal's incarceration *in any jurisdiction in the United States.* The State argues that the surety is liable for interest from the date of the judgment nisi until the date of the principal's incarceration in the county from which the judgment nisi was issued. This statute is not ambiguous. By its plain language, the statute requires the surety to pay interest on the bond only until the date of the principal's incarceration. *Id.* It does not require that the principal be incarcerated in the county from which the judgment nisi issued. *Id.* We do not believe this to be an absurd result. *See Barshop,* 925 S.W.2d at 629.

We sustain appellant's sole issue in both cases, 01–07–00122–CV and 01–07–00123–CV.

### Conclusion

Accordingly we reverse the trial court's judgments in cause number 1000459–A (01–07–00122–CV) and render judgment to reflect the date of incarceration in Brown County. We also reverse the trial court's judgment in cause number 1000442–A (01–07–00123–CV) and render judgment to reflect the date of incarceration in Brown County.