**SAFETY NATIONAL CASUALTY CORPORATION (Agent Michael W. Cox), Appellant,**

**v.**

**The STATE of Texas, Appellee.**

Nos. 01–07–00122–CR, 01–07–00123–CR.

Court of Appeals of Texas, Houston (1st Dist.).

Nov. 7, 2008.

---

Jan G. Banker, Houston, TX, Kenneth W. Good, Kent, Good, Anderson & Bush, PC, Tyler, TX, for Appellant.

William J. Delmore III, Kathleen Braddock, James L. Norris, Assistant District Attorney's, Houston, TX, for Appellee.

Panel consists of Justices NUCHIA, HANKS, and HIGLEY.

## SUPPLEMENTAL OPINION ON PETITIONS FOR DISCRETIONARY REVIEW

SAM NUCHIA, Justice.

Our original opinion was issued on April 17, 2008. *Safety Nat'l Cas. Corp. (Agent Michael W. Cox) v. State,* 261 S.W.3d 160 (Tex.App.-Houston [1st Dist.] 2008, pets. filed). Both Safety National and the State filed petitions for discretionary review questioning our (1) original designation of these related cases as civil cases, "CV"; (2) assessment of costs against the State, as in a civil case; and (3) assessment of filing fees. We write now to reform our original judgment and to explain both our redesignation of these related cases to criminal cases, "CR," and our assessment of costs against Safety National, including civil appellate filing fees. We reaffirm our original holding reversing the trial court's judgments and rendering judgments correcting the computation of interest on these forfeited bail bonds.

### Bail–Bond Forfeiture Cases Are Criminal Cases

Both the State and Safety National contend that we erred by designating these cases as "CV" or civil cases.

A bail-bond forfeiture proceeding is a criminal action governed by the rules of civil procedure after the entry of the judgment nisi. *Dees v. State,* 865 S.W.2d 461, 462 (Tex.Crim.App.1993)

When a forfeiture has been declared upon a bond, the court or clerk shall docket the case upon the scire facias or upon the civil docket, in the name of the State of Texas, as plaintiff, and the principal and his sureties, if any, as defendants; and, except as otherwise provided by this chapter, the proceedings had therein shall be governed by the same rules governing other civil suits.

TEX.CODE CRIM. PROC. ANN. art. 22.10 (Vernon Supp.2008).

However, the Court of Criminal Appeals has held that bail-bond forfeiture proceedings are criminal cases. *State v. Sellers,* 790 S.W.2d 316, 321 (Tex.Crim.App.1990). In *Sellers,* the State argued that it was entitled to appeal an adverse judgment in a bail-bond forfeiture under the civil rules. *Id.* at 321. The Court of Criminal Appeals disagreed.

The short answer to the State's contention is, of course, that a bond forfeiture proceeding is not a "civil case," Article 22.10, supra, notwithstanding. The Supreme Court of Texas long ago noted, in responding negatively to the certified question whether courts of civil appeals had jurisdiction to entertain appeals in bond forfeiture proceedings, that "[t]he effect of this provision [a forerunner of Article 22.10] was to prescribe the manner of trial, but did not change the character of the case." *Jeter v. State,* 86 Tex. 555, 26 S.W. 49 (1894). The Su-

preme Court, the Court of Appeals, and its successor, this Court, have all consistently held that bond forfeiture is a criminal matter. *Gay v. The State [20 Tex. 504 (1857)], Hart v. The State [13 Tex.App. 555 (1983)],* and *State ex rel. Vance v. Routt [571 S.W.2d 903 (Tex. Crim.App. 19778)],* all supra. Article 22.10, supra, simply prescribes that civil rules shall govern all proceedings in the trial court following judgment nisi. It does not transform a bond forfeiture proceeding from a criminal into "a civil case" for purposes of § 51.012, supra. *Id.* (note 5 omitted). Moreover, the Court of Criminal Appeals, not the Texas Supreme Court, is the court of last resort in these cases.

In the past, we have designated appeals from bail-bond forfeiture proceedings as "CV" or civil cases. *See Kubosh v. State,* Nos. 01–05–00401–CV, 01–05–00402–CV, 2006 WL 2506498 (Tex.App.-Houston [1st Dist.] Aug. 31, 2006), *aff'd,* 241 S.W.3d 60 (Tex.Crim.App.2007); *Kubosh v. State,* No. 01–05–00357–CV, 2006 WL 560186 (Tex. App.-Houston [1st Dist.] March 9, 2006, pet. ref'd); *Kubosh v. State,* 177 S.W.3d 156 (Tex.App.-Houston [1st Dist.] 2005, pet. ref'd) (No. 01–04–00268–CV); *Spradlin v. State,* 100 S.W.3d 372 (Tex.App.-Houston [1st Dist.] 2002, no pet) (Nos.01–01–00451–CV, 01–01–00452–CV); *McCluskey v. State,* 64 S.W.3d 621 (Tex.App.-Houston [1st Dist.] 2001, no pet.) (No. 01–01–00410–CV); *Burns v. State,* 881 S.W.2d 132 (Tex.App.-Houston [1st Dist.] 1994, no pet.) (No. 01–93–00999–CV); *Mackintosh v. State,* 845 S.W.2d 361 (Tex.App.-Houston [1st Dist.] 1992, pet. ref'd) (No. 01–91–01438–CV); *Pena v. State,* No. 01–89–00687–CV, 1989 WL 150203 (Tex.App.-Houston [1st Dist.] Dec. 14, 1989, pet. ref'd); *MacDonald v. State,* No. 01–87–00823–CV, 1988 WL 124525 (Tex.App.-Houston [1st Dist.] Nov. 17, 1988, no pet.). The instant cases were originally docketed as civil cases and given a "CV" designation

in our Court, in accordance with this practice.

■ However, because these are criminal cases, the appeal of which is to the Court of Criminal Appeals, we conclude that appeals from bail-bond forfeiture proceedings should be designated as "CR"; accordingly, we have changed the designation of these cases from No. 01–07–00122–CV to No. 01–07–00122–CR and from No. 01–07–00123–CV to No. 01–07–00123–CR. *See Sellers,* 790 S.W.2d at 321.

### Costs of Appeal To Be Assessed Against Safety National

■ Rule of Appellate Procedure 43.4 provides that the court of appeals should award costs of appeal to the prevailing party in a civil case. Tex.R.App. P. 43.4. In our original judgments, we assessed all costs incurred by reason of the appeals against the State, because Tex.R.App. P. 43.4 is among the "rules governing other civil suits." *See* Tex.Code Crim. Proc. Ann. art. 22.10 (Vernon Supp.2008). However, the Code of Criminal Procedure specifies that a surety remains obligated to pay costs of court in the present situation:

**Art. 22.13. Causes Which Will Exonerate**

(a) The following causes, and no other, will exonerate the defendant and his sureties, if any, from liability upon the forfeiture taken:

. . .

5. The incarceration of the principal in any jurisdiction in the United States:

. . .

(B) in the case of a felony, at the time of or not later than the 270th day after the date of the principal's failure to appear in court.

(b) A surety exonerated under Subdivision 5, Subsection (a), remains obligated

to pay costs of court, any reasonable and necessary costs incurred by a county to secure the return of the principal, and interest accrued on the bond amount from the date of the judgment nisi to the date of the principal's incarceration. TEX.CODE CRIM. PROC. ANN. art. 22.13 (Vernon Supp.2008).

Here, we should have assessed the costs incurred by reason of this appeal against Safety National, and we reform our judgments to do so.[1]

### Civil Filing Fees to Be Collected in Bail-bond forfeiture Cases

■ Finally, we consider whether civil appellate filing fees should be assessed in *criminal* bail-bond forfeiture cases. We conclude that they should.

■ The Waco Court of Appeals addressed this issue in *Olivarez v. State*, 183 S.W.3d 59, 60–2 (Tex.App.-Waco 2005, *reh'g granted* Feb. 22, 2006). The court of appeals wrote:

> The procedural rules for civil appeals apply to bond forfeiture appeals. *See* TEX.CODE CRIM. PROC. ANN. art. 44.44 (Vernon 1979); *McCluskey v. State*, 64 S.W.3d 621, 623 (Tex.App.-Houston [1st Dist.] 2001, no pet.); *see also Dees v. State*, 865 S.W.2d 461, 462 (Tex.Crim. App.1993) (procedural rules for civil trials apply to bond forfeiture proceedings in trial court).
>
> There are filing fees and other court costs normally associated with civil appeals which are not ordinarily imposed in an appeal from a criminal conviction.

*See* TEX. GOV'T CODE ANN. §§ 51.005, 51.207 (Vernon 2005); TEX.R.APP. P. 5; Order Regarding Fees Charged in Civil Cases in the Supreme Court and the Courts of Appeals, Misc. Docket No. 98–9120 (Tex. Jul. 21, 1998). In the past, this [Waco] Court has not traditionally required the payment of filing fees or other court costs in a bond forfeiture appeal. However, it appears that this practice is contrary to the law.

> In *Dees*, the Court of Criminal Appeals cited article 22.10 of the Code of Criminal Procedure in support of the proposition that "civil court costs may be assessed in a bail-bond forfeiture proceeding." 865 S.W.2d at 462 (citing TEX.CODE CRIM. PROC. ANN. art. 22.10 (Vernon Supp.2005) [sic]).
>
> Following the holding of *Dees*, it appears that all costs traditionally associated with a civil appeal should be imposed in an appeal from a bond forfeiture proceeding. Thus, we conclude that the $125 filing fee and the filing fees for pleadings should be assessed in such an appeal. *See* TEX. GOV'T CODE ANN. § 51.207; TEX.R.APP. P. 5; Order Regarding Fees Charged in Civil Cases in the Supreme Court and the Courts of Appeals, Misc. Docket No. 98–9120.

*Id.* at 60.[2]

We have historically assessed filing fees in appeals from bail-bond forfeitures. Moreover, we have also dismissed several bail-bond forfeiture cases for failure to pay the filing fees. *E.g.*, *Middleton v. State*, No. 01–08–00342–CV, 2008 WL 3115370

---

1. The State argues that "there is no law in the State of Texas that allows a court of appeals to order the State to pay the costs of an appeal in a criminal case." We do not decide today whether costs could ever be assessed against the State because the Code of Criminal Appeals dictates the result in these cases.

2. Citing an attorney general advisory opinion, Safety National argues that because bail-bond forfeiture cases are criminal matters, civil filing fees do not apply. *See* Op. Tex. Att'y Gen. No. GA–0486 (2006). In *Dees*, the Court of Criminal Appeals clearly rejected the argument that civil court costs do not apply because bail-bond forfeitures are criminal matters. *Dees*, 865 S.W.2d at 462.

(Tex.App.-Houston [1st Dist.] Aug. 7, 2008, no pet.) (dismissing appeal for failure to pay filing fee); *Casas v. State,* No. 01–04–00061–CV, 2004 WL 666844 (Tex.App.-Houston [1st Dist.] Mar. 31, 2004, no pet.) (dismissing appeal for failure to pay filing fee). In addition, we have previously ordered a surety to pay the appellate filing fee when dismissing a case for want of prosecution. *Wilson v. State,* No. 01–01–00690–CV, 2002 WL 1164453, *1 (Tex. App.-Houston [1st Dist.] May 30, 2002, no pet.). We conclude it is proper to assess civil appellate filing fees in appeals from bail-bond forfeitures. If we were to assess only the same costs that are assessed in criminal cases, we would not be abiding by the statutory requirement that after entry of a judgment nisi, bail-bond forfeiture proceedings "shall be governed by the same rules governing other civil suits." *See* Tex.Code Crim. Proc. Ann. art. 22.10 (Vernon Supp.2008).

### Conclusion

We amend the designation of these cases from No. 01–07–00122–CV to No. 01–07–00122–CR and from No. 01–07–00123–CV to No. 01–07–00123–CR. We reform our prior judgments to assess costs incurred by reason of this appeal against Safety National. With these additional comments, we reaffirm our original holding that the judgments in these cases be reversed and rendered as follows: in cause number 100459–A (01–07–00122–CR), we render judgment to state that "Defendant–Principal was incarcerated on September 16, 2005," and in cause number 1000442–A (01–07–00123–CR), we render judgment to state that "Defendant–Principal was incarcerated on September 16, 2005."