

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NOS. PD-0245-09 & PD-0246-09

### SAFETY NATIONAL CASUALTY CORPORATION
### (AGENT MICHAEL W. COX), Appellant

### v.

### THE STATE OF TEXAS

### ON APPELLANT'S PETITIONS FOR DISCRETIONARY REVIEW
### FROM THE FIRST COURT OF APPEALS
### HARRIS COUNTY

KEASLER, J., delivered the opinion of the Court in which KELLER, P.J., MEYERS, PRICE, JOHNSON, HERVEY, and COCHRAN, J.J., joined. KELLER, P.J., filed a concurring opinion in which JOHNSON, J., joined. MEYERS, J., filed a concurring opinion. HOLCOMB, J., filed a dissenting opinion in which WOMACK, J., joined.

## O P I N I O N

The First Court of Appeals held that it is proper to require appellant to pay civil filing

fees in bond-forfeiture cases on appeal.[1] Based on a historical evaluation of Article 44.44,

---

[1] *Safety Nat'l Cas. Corp. v. State*, 273 S.W.3d 730 (Tex. App.—Houston [1st Dist.] 2008).

Texas Code of Criminal Procedure and our judiciary's history, we hold that civil filing fee statutes do not apply in such cases. Because the court of appeals erred, we reverse its judgment and remand the case for further proceedings consistent with this opinion.

## Background

The First Court of Appeals in Houston reversed the trial judge's interest calculation on two bond-forfeiture judgments rendered against Safety National Casualty Corporation (Safety National).[2] Both parties petitioned us for review, challenging the court of appeals's treatment of the cases.[3] The parties challenged the court of appeals's docketing of the case as a civil case, assessment of civil-case costs against the State, and assessment of appellate filing fees.[4]

The court of appeals issued a supplemental opinion addressing these issues and reformed its judgment. Considering the third issue, the issue now before us, the court of appeals held that civil appellate filing fees should be assessed in criminal bond-forfeiture cases.[5] In doing so, it relied on the Waco Court of Appeals decision in *Olivarez v. State*.[6] In that case, the Waco court recognized that Article 44.44 of the Texas Code of Criminal

---

[2] *Safety Nat'l Cas. Corp. v. State*, 261 S.W.3d 160, 162 (Tex. App.—Houston [1st Dist.] 2008).

[3] *Safety Nat'l Cas. Corp.*, 273 S.W.3d 730.

[4] *Id.* at 731.

[5] *Id.* at 733.

[6] 183 S.W.3d 59, 60-62 (Tex. App.—Waco 2005, *reh'g granted* Feb. 22, 2006).

Procedure states that the civil appellate rules apply to bond-forfeiture appeals.[7] The Waco court also noted our decision in *Dees v. State*, in which we stated that under Texas Code of Criminal Procedure Article 22.10, "civil court costs may be assessed in a bail-bond forfeiture proceeding."[8] The Houston Court of Appeals then rejected Safety National's reliance on an advisory opinion rendered by the Attorney General. The Attorney General determined that a bond-forfeiture proceeding is not a "civil suit" within the meaning of the applicable fee and cost statutes.[9] Finally, summarizing its determination, the First Court stated, "If we were to assess only the same costs that are assessed in criminal cases, we would not be abiding by the statutory requirement that after entry of a judgment nisi, bail bond-forfeiture proceedings 'shall be governed by the same rules governing other civil suits.'"[10]

### Safety National's Amended Petition for Discretionary Review

Following the Houston court's supplemental opinion, Safety National filed amended petitions for discretionary review. We granted review to determine whether the court of appeals erred in holding that it is proper to charge civil-appellate filing fees in criminal bond-forfeiture cases. Safety National urges us to adopt the position taken by the Attorney General

---

[7] *Id.* at 60 (citing TEX. CODE CRIM. PROC. ANN. art. 44.44 (Vernon 1979); *McCluskey v. State*, 64 S.W.3d 621, 623 (Tex. App.—Houston [1st Dist.] 2001, no pet.); *Dees v. State*, 865 S.W.2d 461, 462 (Tex. Crim. App. 1993)).

[8] *Dees*, 865 S.W.2d at 462.

[9] *Op. Tex. Att'y Gen. No. GA-0486*, 2006 Tex. AG LEXIS 99 (Nov. 21, 2006).

[10] *Safety Nat'l Cas. Corp.*, 273 S.W.3d at 734 (quoting TEX. CODE CRIM. PROC. ANN. art. 22.10 (Vernon Supp. 2008)).

and hold that civil filing fees do not apply to appeals in bond-forfeiture cases. Safety National argues that the statutes regulating filing fees in civil cases apply only to civil cases. Conversely, the State urges us to adopt the position taken by the Houston court and hold that civil filing fees apply to bond-forfeiture cases on appeal.

Safety National also addresses the imposition of civil filing fees in the trial court. That issue is beyond the scope of this case, however. Safety National neither lodged an objection on this basis in the trial court, as far as we can tell, nor raised this claim in the court of appeals.

**Analysis**

It is well settled that an appeal from bond-forfeiture proceeding originating in a criminal case is a criminal matter, not a civil matter, with final state-court jurisdiction vested in this Court.[11] To determine whether civil appellate filing fees apply to bond-forfeiture proceedings, we turn to Articles 44.42 and 44.44 of the Texas Code of Criminal Procedure, which govern appellate review in such cases.[12] Article 44.42, titled "Appeal on forfeitures," permits a defendant or the State to appeal "from every final judgment rendered upon a personal bond, bail bond or bond taken for the prevention or suppression of offenses, where

---

[11] *State v. Sellers*, 790 S.W.3d 316, 321 (Tex. Crim. App. 1990); *Jeter v. State*, 26 S.W. 49, 49-50 (Tex. 1894).

[12] *See also* TEX. CODE CRIM. PROC. ANN. art. 44.43 (a final judgment in a bond forfeiture cases entered by a court other than a justice or corporation court may be reviewed "upon writ of error.").

such a judgment is for twenty dollars or more, exclusive of court costs, but not otherwise.[13]

Next, Article 44.44, governing rules in forfeiture appeals, explicitly refers to Article 44.42 and states that an appeal "shall be regulated by the same rules that govern civil actions . . . ."[14] Despite this seemingly plainly broad proviso, not all rules governing civil actions are necessarily encompassed by it.[15] So to determine whether "rules that govern civil actions" includes civil appellate fees, we examine Article 44.44's first iteration and relevant fee statutes in effect at that time, keeping in mind the history of our judiciary.

The first predecessor to Article 44.44 was enacted by the Seventh Legislature in 1858.[16] In 1876, our judiciary underwent a radical change. For the first time, it was headed

---

[13] TEX. CODE CRIM. PROC. ANN. art. 44.42 (Vernon 2006); *Sellers*, 790 S.W.2d at 318-19 ("Article 44.42 . . . should no longer be read . . . to preclude a State's right to appeal in bond forfeiture cases . . . .").

[14] TEX. CODE CRIM. PROC. ANN. art. 44.42 (Vernon 2006).

[15] *See e.g.*, *Rodriguez v. Marquez*, 4 S.W.3d 227, 227 (Tex. Crim. App. 1999) (holding that a civil removal statute in the Government Code does not apply to bond-forfeiture proceedings because they are criminal in nature); *Sellers*, 790 S.W.3d at 321 (refusing to apply civil rule governing the right to appeal in bond-forfeiture appeal); *Blue v. State*, 341 S.W.2d 917, 919 (Tex. Crim. App. 1960) (citing TEX. R. CIV. PRO. 2 defining scope of the rules and stating that all statutes governing bond-forfeiture procedures in effect before September 1, 1941 remain in effect unless there is no prescribed rule). *But see Alvarez v. State*, 861 S.W.2d 878, 881 (Tex. Crim. App. 1992) (applying civil summary judgment standard in bond-forfeiture proceeding on appeal); *Stephens v. State*, 98 S.W. 859, 859 (Tex. Crim. App. 1907) (holding that costs accrued on appeal in bond-forfeiture case regulated by costs applied to civil cases).

[16] Act approved Feb. 5, 1858, 7th Leg., ch. 4, § 738*a*, 1858 Tex. Gen. Laws, at 243; *see also George W. Paschal, A Digest of the Laws of Texas: Containing the Laws in Force, and The Repealed Laws on which Rights Rest*, Carefully Annotated, art. 3203 (Washington D.C., W.H. & D.H. Morrison, 2nd ed. 1870).

by two high courts—the Supreme Court and the Court of Appeals.[17]  The Court of Appeals,

our predecessor, acquired appellate jurisdiction over all criminal cases and limited

jurisdiction over civil cases.[18]  In acknowledgment of this development, the Legislature

ordered the Governor to assemble a group of commissioners to issue a report on revising the

laws of the State, including the Penal Code and Criminal Code of Procedure, before the next

legislative session.[19]

When the Code of Criminal Procedure was reconstructed in 1879 by the Sixteenth

Legislature,[20] Article 44.44's second predecessor was recodified as Article 893, Texas Code

of Criminal Procedure, and was nearly identical to Article 44.44.[21]  Under Article 893, in

appeals from a final judgment in bond-forfeiture cases[22] "the proceedings shall be regulated

by the same rules that govern the other civil actions where an appeal is taken or a writ of

---

[17] TEX. CONST. Art. V § 1, eff. Apr. 18, 1876.

[18] TEX. CONST. Art. V § 6, eff. Apr. 18, 1876; TEX. CODE CRIM. PROC. art. 1068 (1879); *see also* Act approved May 6, 1876, 15th Leg., F.S., ch. V, §§ 1-10, 1876 Tex. Gen. Laws 1, 3-4, *reprinted in 8 H.P.N. Gammel, The Laws of Texas 1822-1879*, at 829-40 (Austin, Gammel Book Co. 1989) (emergency act organizing Court of Appeals).

[19] Bar Section, VI TEX. L. REV. 1 (1927).

[20] Act approved Feb. 1879, 16th Leg., R.S., ch. LX, 1879 Tex. Gen. Laws, at 6.

[21] TEX. CODE CRIM. PROC. art. 893 (codified by State Printing-Office 1879), eff. July 24, 1879.

[22] TEX. CODE CRIM. PROC. art. 891 (codified by State Printing-Office 1879), eff. July 24, 1879.

error is sued out."[23]

Safety National challenges the court of appeals's assessment of civil filing fees mandated by Texas Government Code Sections 51.207,[24] 51.208,[25] and 51.941.[26] Because these statutes were not in effect when Article 44.44 's first predecessor was enacted, they cannot be traced back to that time to gauge the intent of the Legislature. However, to discern the Legislature's intent, we can look to the Supreme Court's fee statute in effect in 1876 when the Court of Appeals was created. Article 2380 of the Texas Revised Civil Statutes, enacted in 1876, established the fee schedule for the Supreme Court and is an analogue to Sections 51.207, 51.208, and 51.941.[27] As it pertained to the Court of Appeals, Article 2381 stated that "clerks of the court of appeals shall, in civil cases, receive the same fees allowed to clerks of the supreme court for like services."[28] Article 2381 clearly excluded the

---

[23] *Id.*

[24] TEX. GOV'T CODE ANN. § 51.207 (Vernon 2005); TEX. REV. CIV. STAT. art. 1011 (1895), *added by* Acts 1893, 23rd Leg., ch. 109, § 1, eff. May 11, 1893.

[25] TEX. GOV'T CODE ANN. § 51.208 (Vernon Supp. 2009), *added by* Acts 2007, 80th Leg., ch. 1408, eff. Sept. 1, 2007.

[26] TEX. GOV'T CODE ANN. § 51.941 (Vernon 2005), *added by* Acts 1997, 75th Leg., ch. 699, § 1, eff. Sept. 1, 1997.

[27] TEX. REV. CIV. STAT. art. 2380 (codified by State Printing-Office 1879).

[28] TEX. REV. CIV. STAT. art. 2381 (codified by State Printing-Office 1879); *see also* Act approved Aug. 23, 1876, 15th Leg., F.S., ch. CLXIV, § 5, 1876 Tex. Gen. Laws 2, 285 , *reprinted in 8 H.P.N. Gammel, The Laws of Texas* 1822-1897, at 1121 (Austin, Gammel Books Co. 1898) (stating that the clerk of the Court of Appeals, in civil cases, shall receive the same fees as the Supreme Court clerk for like services and establishing other fees applicable in criminal appeals).

application of civil-case fees in criminal cases heard by the Court of Appeals. Thus, our predecessor would have been precluded from assessing such fees in bond-forfeiture cases, which were held to be criminal cases by the Supreme Court before the creation of the Court of Appeals in 1876.[29]

Reviewing this history makes clear that the Legislature did not intend "rules that govern the other civil actions" in Article 893, Texas Code of Criminal Procedure, to be construed to permit the application of the Supreme Court civil fee schedule in criminal bond-forfeiture cases. In accordance with the Legislature's intent when enacting Article 893, we conclude that the current version, Article 44.44, Texas Code of Criminal Procedure, also excludes the application of civil-case fees by the courts of appeals in appeals from criminal bond-forfeiture proceedings.

Finally, at this juncture, we cannot say that our determination conflicts with our 1993 decision in *Dees v. State*.[30] In that case, we interpreted Article 22.10, Texas Code of Criminal Procedure, which is part of Chapter 22, regulating bond-forfeiture proceedings in the trial court. That provision contains the same proviso as Article 44.44 and states:

> When a forfeiture has been declared upon a bond, the court or clerk shall docket the case upon the scire facias or upon the civil docket, in the name of the State of Texas, as plaintiff, and the principal and his sureties, if any, as defendants; and, except as otherwise provided by this chapter, the proceedings

---

[29] *Gay v. State*, 20 Tex. 504, 506 (Tex. 1857).

[30] *Dees v. State*, 865 S.W.2d 865 (Tex. Crim. App. 1993).

had therein shall be governed by the same rules governing other civil suits.[31]

Construing the plain text, we held that at the trial-court level, civil court costs may be assessed in bond forfeiture proceedings after the entry of a judgment nisi.[32]

An examination of trial-court fee-schedule statutes in effect in 1879, when Article 22.10 was enacted, shows that we did not err in reaching this conclusion. Unlike the 1876 Supreme Court fee-schedule statute, the trial-court civil fee statutes, in effect after 1879 do not contain any provision restricting their application to civil cases.[33]

**Conclusion**

The First Court of Appeals erred to hold that it is proper to assess civil appellate filing fees in criminal bond-forfeiture cases on appeal. Thus, we reverse that part of its judgment, as rendered in its November 7, 2008 supplemental opinion and remand the case so the court of appeals can reassess its fee determination.

DATE DELIVERED: March 3, 2010
PUBLISH

---

[31] T EX. CODE CRIM. PROC. ANN. art. 22.10 (Vernon 2009), *previously codified at* TEX. CODE CRIM. PROC. art. 449 (codified by State Printing-Office 1879) ("When a forfeiture is declared upon a . . . bail-bond the court or clerk shall docket the case upon the civil docket, in the name of the State of Texas, as plaintiff, and the principal and his sureties as defendants, and the proceedings had therein shall be governed by the same rules governing other civil actions.").

[32] *Dees*, 865 S.W.2d at 462.

[33] TEX. REV. CIV. STAT. arts. 2389 (fee schedule for district courts), 2393 (fee schedule for county courts) (codified by State Printing-Office 1879).