ACCEPTED
03-15-00121-CR
5833554
THIRD COURT OF APPEALS
AUSTIN, TEXAS
6/26/2015 1:30:29 AM
JEFFREY D. KYLE
CLERK

**NO. 03-15-00121-CR**
**IN THE COURT OF APPEALS**
**THIRD DISTRICT OF TEXAS**
**AT AUSTIN, TEXAS**

RECEIVED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
6/26/2015 1:30:29 AM
JEFFREY D. KYLE
Clerk

_____

**TOM BENSON,**
**Defendant-Surety,**
**Appellant,**

**vs.**

**THE STATE OF TEXAS,**
**Appellee.**

FILED
July 8, 2015
Third Court of Appeals
Jeffrey D. Kyle
Clerk

_____

**Appealed from the County Court at Law Number One**
**Sitting at Travis County, Texas**
**Trial Court No. C-1-CV-14-002294**
**The Honorable Todd Wong, Presiding**

_____

**APPELLANTS' REPLY BRIEF**

_____

**TOM BENSON**
**Texas Bar No. 02170500**
**900 Jackson St., Ste. 750**
**Dallas, Texas 75202-4461**
**(214) 742-9898  Telephone**
**(214) 742-9879   Fax**
**tomrbenson@gmail.com**

**APPELLANT  *PRO SE***

# TABLE OF CONTENTS

**INDEX OF AUTHORITIES..** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **iii**

**REPLY POINTS PRESENTED..** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **iv**

**REPLY POINT 1:** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **1**

**REPLY POINT 1:** **SURETY WAS NOT REQUIRED TO PRESENT EVIDENCE THAT BRIAN WHIPPLE WAS RETURNED TO TRAVIS COUNTY AFTER HIS FAILURE TO APPEAR..** . . . . . . . . . . . . . . . . . . . . . . **2**

**CONCLUSION.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **9**

**REQUEST FOR RELIEF..** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **10**

**CERTIFICATE OF COMPLIANCE.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **11**

**CERTIFICATE OF SERVICE.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **12**

# INDEX OF AUTHORITIES

## CASES

*Boylin v. State*, 818 S.W.2d 782, 785-786 (Tex. Crim. App. 1991). . . . . . . 4, 7, 9

*Harris v. State*, 359 S.W.3d 625, 629 (Tex. Crim. App.2011).. . . . . . . . . . . . . . . 4

*Safety Nat. Cas. Corp. v. State*, 261 S.W.3d 160, 161-162
(Tex. App. Houston [1ˢᵗ Dist.] 2008), *pet. granted*, *supplemental opinion*,
reaffirming original holding on article 22.13, addressing additional issue of
proper court costs, Safety Nat. Cas. Corp. v. State, 273 S.W.3d 730, 734
(Tex. App. Houston [1st Dist.] 2008), *reversing only part of judgment
concerning court costs*, Safety Nat. Cas. Corp. v. State, 305 S.W.3d 586, 590
(Tex. Crim. App. 2010, *opinion on remand*, Safety Nat. Cas. Corp. v. State
01-07-00122-CR and 01-07-00123-CR (Tex. App. Houston [1ˢᵗ Dist.] 2010. . 8, 9

*Safety National Casualty Corp. v. State*, 273 S.W.3d 157 (Tex. Crim. App.
2008). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 9

*Tapps v. State*, 294 S.W.3d 175, 177 (Tex. Crim. App.2009)
(*quoting State v. Hardy*, 963 S.W.2d 516, 520 (Tex. Crim. App.1997)).. . . . . . . 5


## TEXAS CODE OF CRIMINAL PROCEDURE

22.13(a)(5)(A). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1-7, 9

22.16(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 9

22.16(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

22.17. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

art. 22.13(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 3-7

Chapter 22. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

REPLY POINTS PRESENTED


REPLY POINT  I

**SURETY WAS NOT REQUIRED TO PRESENT
EVIDENCE THAT BRIAN WHIPPLE WAS RETURNED
TO TRAVIS COUNTY AFTER HIS
FAILURE TO APPEAR**.

TOM BENSON,
Defendant-Surety,
      Appellant,

vs.

THE STATE OF TEXAS,
      Appellee.

## APPELLANTS' REPLY BRIEF

## SUMMARY OF THE ARGUMENT

**REPLY POINT 1:**     **SURETY WAS NOT REQUIRED TO PRESENT EVIDENCE THAT BRIAN WHIPPLE WAS RETURNED TO TRAVIS COUNTY AFTER HIS FAILURE TO APPEAR.**

1) Neither article 22.13(a)(5)(A) or article 22.13(b) require the incarceration of the principal on a bond in any specific jurisdiction in the United States, just that he be incarcerated in any jurisdiction in the United States to be entitled to assert the limited exoneration defense provided by article 22.13(a)(5)(A).

# ARGUMENT

**REPLY POINT 1:**  **SURETY WAS NOT REQUIRED TO PRESENT EVIDENCE THAT BRIAN WHIPPLE WAS RETURNED TO TRAVIS COUNTY AFTER HIS FAILURE TO APPEAR.**

Now that the State has filed its brief, the only remaining issue whether there is a fifth element to the defense under article 22.13(a)(5)(A) that the Surety must raise and supply evidence in order to defeat the State's Motion for Summary Judgment. The four elements advanced by the Surety are: (1) Incarceration of principal on bond; (2) within any jurisdiction in the United States; (3) principal charged with misdemeanor; and (4) Incarceration within 180 days from the date the principal fail to appear in court. The State does not contest these four elements. (State's Brief pages 4, 7, 13-14). The State contends that there is another element.

Under the State's position the five elements would be: (1) Incarceration of principal on bond; (2) within any jurisdiction in the United States; (3) principal charged with misdemeanor; (4) Incarceration within 180 days from the date the principal fail to appear in court; **and (5) principal is returned to the county of prosecution. (emphasis supplied)**.

2

Both appellant and the State rely upon the identical statutory language which is found article[1] 22.13(a)(5) and 22.13(b).  (Appellant's Brief page 6, Appendix Bookmark "4" pages 19-20) and (State's Brief pages 5-6 and Appendix Bookmark "Art2213").

The applicable language in art. 22.13 provides:

"Art. 22.13. CAUSES WHICH WILL EXONERATE.

(a) The following causes, and no other, will exonerate the defendant and his sureties, if any, from liability upon the forfeiture taken: . . . . .

5. The incarceration of the principal in any jurisdiction in the United States:

(A) in the case of a misdemeanor, at the time of or not later than the 180th day after the date of the principal 's failure to appear in court;

(B) in the case of a felony, at the time of or not later than the 270th day after the date of the principal 's failure to appear in court.

(b) A surety exonerated under Subdivision 5, Subsection (a), remains obligated to pay costs of court, any reasonable and necessary costs incurred by a county to secure the return of the principal, and interest accrued on the bond amount from the date of the judgment nisi to the date of the principal 's incarceration."

---

[1] All statutory references are to the Texas Code of Criminal Procedure unless otherwise noted.

3

The State contends that support for the fifth element can be found by "reading" the following emphasized language found in article 22.13(b) together with article 22.13(a)(5)(A).

> **"A surety exonerated under Subdivision 5, Subsection (a), remains obligated to pay** costs of court, **any reasonable and necessary costs incurred by a county to secure the return of the principal**, and interest accrued on the bond amount from the date of the judgment nisi to the date of the principal 's incarceration."

(State's Brief page 7)(emphasis in original).

To resolve the question presented, the Court must first construe articles 23.13(a)(5)(A) and 23.13(b). Statutory construction is a question of law, which is reviewed de novo.) *Harris v. State*, 359 S.W.3d 625, 629 (Tex. Crim. App.2011).

The starting point is the focus upon the literal text of the statute. *Boylin v. State*, 818 S.W.2d 782, 785-786 (Tex. Crim. App. 1991). If the statute is clear and unambiguous, the court should not add or subtract from the statute. This plain meaning rule has one narrow exception. It is where the plain language would lead to absurd consequences that the Legislature could not possibly have intended. Id. at 785-786. If the language is not plain, but rather ambiguous, then and only then, out of absolute necessity, is it constitutionally permissible for a court to consider

4

extra textual factors. Id. at 785-786.

When interpreting the plain language of a statute, "each word, phrase, clause, and sentence in a statute should be given effect if reasonably possible." *Tapps v. State*, 294 S.W.3d 175, 177 (Tex. Crim. App.2009) (*quoting State v. Hardy*, 963 S.W.2d 516, 520 (Tex. Crim. App.1997)).  And the Court should "presume that every word in a statute has been used for a purpose and that each word, phrase, clause, and sentence should be given effect if reasonably possible." Id. at 520.

### State's Argument

The State argues that by retaining the surety's liability for return costs, in several provisions of Chapter 22[2], article 22.13(a)(5)(A) contemplates the return of the principal to the county of prosecution.  (State's Brief pages 10-12).  The State relies on article 22.13(b).  (State's Brief page 7).  The State supports its reading of articles 22.13(a)(5)(A) and 22.13(b) from what it terms as "guidance" found in *Safety National Casualty Corp. v. State*, 273 S.W.3d 157 (Tex. Crim. App. 2008). (State's Brief pages 7-8).

The State additionally argues that to reward the surety with very limited liability when the principal is incarcerated, but not returned to the prosecuting county does not fulfill the primary purpose of a bail bond. (State's Brief page 10).

---

[2]     Articles 22.16(a); 22.16(b); and 22.17.

**Surety's Reply**

The language in articles 22.13(a)(5)(A) and 22.13(b) is clear and unambiguous, the statute and entitles a surety to exoneration from a forfeiture previously, taken if the principal is incarcerated in any jurisdiction in the United States. It does not require that the principal be incarcerated in any particular jurisdiction except that the jurisdiction be in the "United States" and it does not require that the must be returned to the county of prosecution as the State alleges.

The exoneration provided by article 22.13(a)(5)(A) is not a complete exoneration.[3] Article 23.13(b) provides that some specific specified items that are excluded from the exoneration arising from the timely incarceration of the principal in any jurisdiction in the United States. This is clear from the use of the words "remains obligated" in art. 22.13(b). The items that are reserved from exoneration are: costs of courts; any reasonable and necessary costs incurred by a county to secure the return of the principal; and interest accrued on the bond amount from the date of the judgment nisi to the date of the principal 's incarceration.

The argument is not over these items which are excluded from exoneration when an incarceration of the principal occurs, but rather it is when does the

---

[3] The State refers to this as "limited liability".

6

exoneration of non-excluded item(s) occur. The State's argument is in effect that the exoneration of the non-excluded item(s ) occurs when the principal on the bond is incarcerated in any jurisdiction in the United States and the principal is returned to the county of prosecution.

The State does not argue that the language of article 22.13(b) says that the principal must be returned to the county of prosecution, but alleges that the statute "contemplates" it. (State's Brief pages 10-12).

The State provides no reason why the plain language of the statute should not be applied. The State does not argue that the language of either article 22.13(a)(5)(A) or article 22.13(b) are ambiguous[4] or that a plain reading of either statute lead to an absurd result.[5]

Its argument begin with extra textual factors. This is incorrect under *Boylin v. State*, *supra*, 818 S.W.2d at 785-786. Only if the language in article 22.13(a)(5)(A) or article 22.13(b) is not plain, but is ambiguous, then and only then, and out of absolute necessity, would it be constitutionally permissible to consider extra textual factors. Id. at 785-786.

Since the text of articles 22.13(a)(5)(A) and 22.13(b) are plain and not

---

[4]     The word ambiguous does not appear in the State's argument.

[5]     The word absurd does not appear in the State's argument.

7

ambiguous and do not result in absurd consequences that the Legislature could not possibly have intended, the State's argument of a fifth element requiring that the Surety was required to show that the principal on the bond in this case was returned to Travis County is incorrect and the State's argument that to reward the surety with very limited liability when the principal is incarcerated, but not returned to the prosecuting county does not fulfill the primary purpose of a bail bond is not supported by current law. The purpose of a bail bond is expressed by the plain text of the statutes in question.

A similar issue regarding interest was decided in *Safety Nat. Cas. Corp. v. State*, 261 S.W.3d 160, 161-162 (Tex. App. Houston [1st Dist.] 2008), *pet. granted*, *supplemental opinion*, reaffirming original holding on article 22.13, addressing additional issue of proper court costs, Safety Nat. Cas. Corp. v. State, 273 S.W.3d 730, 734 (Tex. App. Houston [1st Dist.] 2008), *reversing only part of judgment concerning court costs*, Safety Nat. Cas. Corp. v. State, 305 S.W.3d 586, 590 (Tex. Crim. App. 2010, *opinion on remand*, Safety Nat. Cas. Corp. v. State 01-07-00122-CR and 01-07-00123-CR (Tex. App. Houston [1st Dist.] 2010, *Memorandum Opinion*).

In this case the State argued that the date of incarceration of the principal on the bond that stopped the accrual of interest on the bond was when the principal

8

was incarcerated in the county of prosecution. The Court held otherwise, it held that by the plain language in article 22.13 the accrual of interest on the bond stopped when the principal on the bond was incarcerated in any jurisdiction in the United States and this was not an absurd result. Safety Nat. 261 S.W.3d at 162. This same reasoning applies to this case for the reasons argued above.

*Safety National Casualty Corp. v. State*, 273 S.W.3d 157 (Tex. Crim. App. 2008) does not provide the State with ability to avoid the holdings in *Boylin v. State*, *supra*, 818 S.W.2d 785-786 and in any event the State's "guidance" found in *Safety National Casualty Corp. v. State*, 273 S.W.3d 157 (Tex. Crim. App. 2008) is *dicta*. The only question decided in *Safety National, supra,* was whether article 22.13(a)(5) and article 22.16 were unconstitutional based on a violation of the separation of powers provision in the Texas Constitution. Id. at 158 and 160.

## CONCLUSION

Because there is no requirement that the Surety was required to present evidence that Brian Whipple was returned to Travis County after his failure to appear the Trail Court Faced with the Surety's response[6] and the summary judgment proof had only one proper action to take which was to deny the State's

---

[6] Surety did not move for summary judgment on his affirmative defense, leaving it to be resolved later.

Motion. The case before this court is not to determine the correctness of, or application of, the Surety's affirmative defense, but the whether the Trial Court erred in granting the State's Motion in light of the surety's response and summary judgment evidence.

At heart, this case is very simple. Granting a summary judgment despite a pled affirmative defense by the non-movant supported with summary judgment evidence is an error that caused the trial court to render an improper judgment which should be reversed and remanded to the trial court.

## REQUEST FOR RELIEF

Appellant respectfully request that this Court reverse the judgment of the trial court, remand the cause to the trial court and grant such other and further relief as to which he has shown himself entitled.

Respectfully submitted,

/s/ Tom Benson

_____

Tom Benson
Texas State Bar No. 02170500
900 Jackson St., Suite 750
Dallas, Texas 75202-4461
(214) 742-9898  Telephone
(214) 742-9879  Fax
tomrbenson@gmail.com

APPELLANT  *PRO SE*

10

## CERTIFICATE OF COMPLIANCE

I certify that this document was produced on a computer using WordPerfectX7 and contains approximately 2,487 words as determined by the computer software's word-count function, excluding the sections of the document listed in Texas Rules of Appellate Procedure 9.4(i)(1) and that Appellants Brief and Reply Brief together contains approximately 4,576 words as determined by the computer software's word-count function.

/s/ Tom Benson

_____

Tom Benson

## CERTIFICATE OF SERVICE

I certify that on June 26, 2015, a true and correct copy of the foregoing Appellants' Reply Brief  was served on appellee's attorney, Tim Labadie, Assistant County Attorney by email to tim.labadie@traviscountytx.gov.


/s/ Tom Benson

_____

Tom Benson